374 P.2d 841

J. T. CHAMBERS, Plaintiff and Respondent,

v.

R. W. SIMS, Defendant and Appellant.
Margaret S. Chambers, Cross Defendant and Respondent.

J. T. CHAMBERS, Plaintiff and Appellant,

v.

R. W. SIMS, Plaintiff and Respondent.

Nos. 9554 and 9556.

Supreme Court of Utah.

Oct. 1, 1962.

McKay & Burton, Paul E. Reimann, for R. W. Sims in No. 9554.

Richards, Bird & Hart, Salt Lake City, for J. T. Chambers and another.

CALLISTER, Justice.

Plaintiff commenced this action seeking a partnership accounting. Defendant, Sims, filed a counterclaim and impleaded. Mrs. Chambers as a cross-defendant, asking damages from her for alleged improper bookkeeping. Mrs. Chambers is the wife of plaintiff and sister of the defendant.

By time of trial all accounting differences had been reconciled except those relating to salaries. The lower court, sitting without a jury, at the conclusion of the trial dismissed defendant's counterclaim and crossclaim and awarded plaintiff judgment for the reasonable value of his services to the partnership. Both the plaintiff and the defendant appeal.

At the outset it should be noted that the record in the instant case is lengthy, complex, and replete with contradictory testimony. It would be extremely difficult and unnecessary to set forth in any great detail the testimony and exhibits introduced. However, it does appear that a limited partnership, known as South East Ready Mixed Concrete Company, was formed on May 8, 1948. Plaintiff and defendant were the general partners and L. H. Sims, father of defendant and Mrs. Chambers, was the limited partner. The latter died a few months after the creation of the partnership, and his interest therein descended to defendant, Mrs. Chambers, and another daughter.

At the outset, it was agreed that important decisions would be referred to defendant, and that he was to give only such time to the partnership as was necessary. Plaintiff, on the other hand, was to devote his full time to the business. Mrs. Chambers was made office manager and was, at all times pertinent hereto, in charge of the firm's books and records.

The two general partners did not draw money from the business at regular intervals, but instead drew out money as they needed it. Mrs. Chambers allowed part of her salary to remain in the partnership and added to her husband's capital account. Entries were made in the capital accounts for salaries by either Mrs. Chambers or a bookkeeper under her direction. The evidence is conflicting as to when these entries were made and is conflicting as to whether either plaintiff or defendant was aware of them, although each had access to the books. The books reflected that from 1948 to 1958 no salary was credited to defendant, while rather large salaries were entered in favor of the plaintiff.

Prior to the introduction of any evidence it was agreed by counsel for the respective parties, and so understood by the judge, that the question of reasonableness of salaries was not to be an issue. It was understood that the plaintiff intended to prove the salary due him by the specific practice of the partnership as evidenced by the books

and records. Defendant, on the other hand, claimed that the salary entries were unauthorized and that the salaries of both partners had been fixed by an oral agreement entered into on the same day the articles of partnership were executed.

The articles of partnership contained the following pertinent provisions:

"XII. That the General Partners shall have the sole management of the business and business activities, and shall be entitled to compensate themselves for their services as an expense of operation of the business before computation of profits, to the extent that such compensation for services of General Partners is reasonable under the circumstances.

"XIII. That the General Partners at the present time are equal owners and shall share equally in the profits; provided, that their interests shall be readjusted as they make additional contributions to the partnership in property, money or services, or by adjustment of property value by mutual agreement."

After the respective parties had put on their case and rested, the trial judge submitted a memorandum decision in which he held that partners had orally agreed, at the time the partnership was formed, that the defendant was to receive $400 per month as salary and the plaintiff $350. However,

he held that this agreement never became operative. He further determined that a specific practice, of which defendant had notice, had been established of compensating plaintiff for full-time services (including his wife's) and allowing nothing by way of salary to defendant from 1951 to 1959. The trial judge rejected the salary entries in the books as being insufficient and conflicting. He held that in light of the provisions of paragraphs XII and XIII of the partnership agreement the plaintiff was entitled to a reasonable compensation and suggested that a master be appointed to hear testimony and determine the matter. This suggestion was opposed by the defendant and plaintiff's motion to reopen was granted. Whereupon, evidence was taken relating to the reasonable value of the services rendered by plaintiff. At the conclusion judgment of $29,314.66 was awarded to plaintiff, which was $22,000 less than plaintiff claimed the books showed.

In arriving at its decision, the lower court made, among others, the following findings of fact:

"4. At or about the time the Articles of Limited Partnership were executed, there was a conversation between the parties and Louis H. Sims relative to compensation for the partners in which $400.00 for defendant and $350.00 for plaintiff for each month was discussed. This arrangement never became operative as they proceeded in the conduct of their business.

"5. The parties folded into the business some or all of the assets of the deceased Louis H. Sims and continued to recognize the provision of their agreement that they might compensate themselves for services and deduct such compensation as an expense from earnings ahead of determining net profit, and that the net profit was to be divided equally. These earnings of the plaintiff were not withdrawn as salaries but with the profits were credited and accumulated as a capital interest of the partner entitled thereto.

"6. The parties departed from the terms of the partnership agreement, among other things by allowing Margaret Chambers' earnings to be combined with and regarded as a part of John T. Chambers' earnings for purposes of the capital account of the partners.

"7. After the year 1951, the practices were established, of which defendant had reasonable notice, of compensating plaintiffs for full-time services, and allowing defendant nothing for his services to the partnership until 1959 when he claimed salary of $2,500.

"8. The evidence does not establish a consistent and conclusive pattern with respect to labor and profit credit of the partners in the partnership capital ac-

-count sufficient to enable the court to accept all of the entries in the capital accounts as final between the parties.

"10. There existed as between defendant Sims and Margaret Chambers, his sister, a relation of confidence and trust which required a more complete disclosure than the evidence shows of the amount for herself and husband and set up as credits to him in the capital account before the amount of such credits became binding upon defendant Sims.

"11. Paragraphs XII and XIII of the partnership agreement contemplate reasonable compensation to the plaintiff for his services to the partnership."

■ As previously stated, the record before us is lengthy and complex. However, we have carefully examined the same and find that it contains substantial evidence to support the findings of the lower court.

■ Generally, a partner is not entitled to any remuneration for his services in the absence of an agreement by the partners to that effect.[1] However, the lower court correctly held that articles of partnership contemplated compensation, and that a practice of remunerating plaintiff, of which defendant had knowledge, had been established.

■ That the books and records did not support plaintiff's claim is clearly shown by the evidence and the exhibits. Where the partnership agreement or a specific practice, acquiesced to by the partners, contemplates the payment of salary to one or more partners, but no amounts are specified, it is presumed that payment of reasonable salaries is intended.[2] Therefore, the trial court correctly permitted the plaintiff to reopen [3] and receive evidence relating to the reasonable value of his services.

Affirmed. No costs awarded.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

1. See 48–1–15(6), U.C.A.1953.
2. 66 A.L.R.2d p. 1027 (sec. 3).

3. 6 Moore's Federal Practice, sec. 59.04 (13).