15 Utah 2d 27 (1963)
386 P.2d 726
IN THE MATTER OF THE CONTEMPT OF LaRAE PETERSON, APPELLANT.
STATE OF UTAH, PLAINTIFF,
v.
JEAN SINCLAIR, DEFENDANT.
No. 9948.
Supreme Court of Utah.
November 21, 1963.
Mitsunaga & Ross, Salt Lake City, for appellant.
A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.
WADE, Justice.
This appeal is by LaRae Peterson, a witness in the case of The State of Utah v. Jean Sinclair, from a holding that she was in contempt of court for refusal to answer a question propounded to her by the district attorney in that case.
The record discloses that she was asked the following question: "Well, I'll put it this way then. Have you had any homosexual acts with Jean or she with you?" Upon the advice of her counsel she refused to answer this question, even though ordered to do so by the court, on the grounds that it would tend to incriminate and degrade her.
Section 78-24-9, U.C.A. 1953, provides that: "A witness must answer questions legal and pertinent to the matter in issue, * * * but he need not give an answer which will have a tendency to subject him to punishment for a felony; nor need he give an answer which will have a direct tendency to degrade his character, unless it is to the very fact in issue or to a fact from which the fact in issue would be presumed. * * *"
The fact in issue in the case of the State of Utah v. Jean Sinclair was whether the defendant therein was guilty of murder. Whether or not Jean Sinclair and appellant herein had indulged in homosexual relations with each other was not an issue in the case, nor was it a fact from which the fact of homicide or murder could be presumed. It might have a tendency to prove motive for such an act. However, motive is not a necessary element in the offense of homicide and proof of motive does not establish guilt nor does absence of motive prove innocence.[1]
There can be no doubt that the question propounded by the district attorney if answered could have a direct tendency to degrade the character of the witness, yet if answered in the affirmative would not be a fact from which homicide, which is the fact in issue, would be presumed. Justice McDonough in his concurring opinion in Sadleir v. Young, Sheriff,[2] in commenting on the privilege granted a witness not to answer a question which has a tendency to degrade under the provisions of what was then Section 104-49-20, R.S.U. 1933, and which is now Section 78-24-9, U.C.A. 1953, said: "I do not think the statute in question, as to the portion thereof having reference to answers directly tending to degrade the witness's character, fairly susceptible of an interpretation which limits the privilege to refusing to answer such questions as are directed to matters not directly material to the issue. The statute reads that the answer to such question must be given only where it is `to the very fact in issue' or to `a fact from which the fact in issue would be presumed.' (Italics added.) If by the last quoted portion of the statute the legislature meant `a fact from which, taken in connection with all the other facts and circumstances in the case, the fact in issue may be inferred', it might well have said so." We believe this statement fairly states the purport and meaning of the privilege granted and therefore appellant was justified in asserting this privilege and refusing to answer the question.
Reversed.
HENRIOD, C.J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.
NOTES
[1] 26 Am.Jur. 1. 527, Sec. 535; 14 Am.Jur. 1. 786, Sec. 27.
[2] Sadleir v. Young, Sheriff, 97 Utah 313, on page 314, 94 P.2d 161.