[Civ. No. 29827.   Second Dist., Div. Two.   Oct. 20, 1966.]

VINCENT E. O'MARA, Plaintiff and Appellant, v. CALIFORNIA STATE BOARD OF PHARMACY, Defendant and Respondent.

Pat A. McCormick and Dale C. Reid for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendant and Respondent.

HERNDON, J.—Petitioner appeals from a judgment denying his petition for a writ of mandate. He sought the writ to compel respondent California State Board of Pharmacy to set aside its order imposing a penalty of 15 days suspension of his pharmacist license and 5 days suspension of his drug store license.

On May 26, 1964, the board filed an administrative accusation (Gov. Code, § 11503) charging that appellant was subject to discipline pursuant to Business and Professions Code section 4357 in that on three specified occasions he had refilled prescriptions for dangerous drugs without authorization of the prescribing doctor in violation of Business and Professions Code section 4229. Following a full hearing thereon the hearing officer's proposed decision (Gov. Code, § 11517, subd. (b)) was adopted by the board and the penalties above specified were imposed.

The evidence discloses that two doctors wrote prescriptions for dexedrine, seconal and dexamyl, dangerous drugs within the meaning of Business and Professions Code section 4211, at the request of investigators of the Division of Investigation of the Department of Professional and Vocational Standards.

The prescriptions were written in the name of a fictitious person and care was taken to insure that no refills were or would be authorized by the doctors, their nurses or associates. Appellant refilled each of these prescriptions knowing that no authorization therefor existed and in one instance after actually having telephoned the prescribing doctor's office and been told that no refill should be made. No purpose would be served by reciting the evidence in detail. It fully and completely supports each and every finding made by the hearing officer and the court below.

The following language set forth in appellant's brief both as purported "Points and Authorities" (*sic*, assignments of error) and as "Statement of the Case" is typical of his approach in this appeal: "Based on a trumped up charge of refilling three prescriptions worth a grand total of $5.75, the Board of Pharmacy has, in effect, pronounced a death sentence on Appellant's business . . ." Such colorful allegations lend no assistance to this court nor to appellant himself in reviewing the proceedings presented for our review. Insofar as such assertions might be deemed an attack upon the sufficiency of the evidence to support the findings made by the court below in the exercise of its independent judgment on the evidence (Code Civ. Proc., § 1094.5, subd. (b)) or the findings of the hearing officer adopted by the respondent board, it is not well taken. Regardless of what standard of required proof was adopted, no result other than a determination that the accusations made against respondent are true could possibly be reached by any impartial judicial body.

However, appellant's actual assignments of error appear to be limited to his contention that the hearing officer erred in denying his motion for nonsuit made at the time the board initially rested its case. This contention is premised upon appellant's view that since the board had not produced expert testimony that the drugs actually delivered by appellant at the time he refilled the prescriptions were in truth the drugs called for by the prescription, the hearing officer could not have inferred that appellant had supplied the drugs which were sought, and for which he was paid. That is to say, appellant suggests that the possibility that he had defrauded the purchaser by supplying drugs other than those prescribed should defeat the charge stated in the accusation.

■ We need not consider this self-debasing argument, however, for the law is clear that the hearing officer had no authority to grant such a motion in any event. It was squarely

decided in *Frost* v. *State Personnel Board,* 190 Cal.App.2d 1, 5-6 [11 Cal.Rptr. 718], and *Kramer* v. *State Board of Accountancy,* 200 Cal.App.2d 163, 175 [19 Cal.Rptr. 226], that a hearing officer may not entertain a motion for nonsuit, but must proceed with the taking of evidence until all of the testimony to be offered by all the parties has been received. When appellant testified in his own behalf, he stated without reservation that the drugs supplied were the drugs prescribed.

At the time the board initially rested, it had not yet necessarily concluded its case in chief. Government Code section 11513, subdivision (b), which governs the conduct of administrative hearings, provides:

"(b) Each party shall have these rights: to call and examine witnesses; to introduce exhibits; to cross-examine opposing witnesses on any matter relevant to the issues even though that matter was not covered in the direct examination; to impeach any witness regardless of which party first called him to testify; and to rebut the evidence against him. *If respondent does not testify in his own behalf he may be called and examined as if under cross-examination.*" (Italics added.)

In his reply brief appellant invites us to speculate as to what the result would have been if he had chosen not to testify and had declined to answer questions propounded to him when called by the board on the ground that his answers thereto might subject him to prosecution upon criminal charges. We need not consider any such hypothetical questions since appellant in fact did exercise his right to testify and in so doing he removed any possible doubt that might have existed as to the nature of the drugs he had supplied. He very effectively eliminated the need, if any there was, for the board to offer any further evidence on this issue.

Appellant seeks to overcome the holdings in *Frost* and *Kramer* by arguing that regardless of the powers of the hearing officer, the judge who heard his petition for writ of mandate might have granted his motion for a nonsuit. Apart from the fact that no such motion was made in the superior court proceedings wherein appellant was the petitioner seeking to establish his right to relief, it is clear that in reviewing the action of the hearing officer the only legally tenable conclusion that the trial court could reach under the *Frost* and *Kramer* decisions was that no error had been committed.

Appellant also argues that although he expressly moved the hearing officer for a nonsuit rather than for judgment under Code of Civil Procedure section 631.8, nevertheless

the hearing officer should have proceeded to weigh the evidence in the fashion authorized by this section and then should have entered judgment in his favor. Initially it may be noted that section 631.8 applies only to trials "by the court" and has no application to administrative hearings. Secondly, even under this section the court "may decline to render any judgment until the close of all the evidence." Finally, since the board under Government Code section 11513, subdivision (b) was required to rest its case temporarily to allow appellant to exercise his right to testify before they might call him as their own witness, it is clear that the trial posture contemplated either by Code of Civil Procedure section 631.8 or by Government Code section 11513 had not been reached.

Appellant's contentions regarding the alleged abuse of the board's discretion in fixing the penalties imposed herein are devoid of merit. Courts will interfere with the agency's determination only where there has been a clear abuse of discretion. (*Harris* v. *Alcoholic Beverage Control Appeals Board*, 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745].)

In view of the alarming increase in the use of dangerous drugs, few duties of a pharmacist require greater integrity and diligence than the duty faithfully to obey the laws designed to protect the public against the intentional or unintentional abuse of these dangerous drugs. Appellant's attitude toward these duties, as evidenced by his actions upon which the accusations against him are based and by the above quoted language from his brief filed herein, indicate that the relatively mild penalties imposed in this case were entirely proper.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 14, 1966.