472 P.2d 430

Walter CORBET, Plaintiff and Respondent,

v.

Arta O. CORBET, Defendant and Appellant.

No. 11910.

Supreme Court of Utah.

July 13, 1970.

Don V. Tibbs, Manti, Jackson B. Howard, Provo, for defendant and appellant.

Ballif & Ballif, George S. Ballif, and George E. Ballif, Provo, for plaintiff and respondent.

CROCKETT, Chief Justice:

Defendant Arta Corbet appeals from a decree settling accounts upon the termination of a partnership with her former husband, plaintiff Walter Corbet, in a family enterprise including trailer sales lots at Orem and St. George, Utah, which they continued to operate after they were divorced.

The parties were married in 1954. It was a late and second marriage for both of them after having reared families. Plaintiff Walter had operated a trailer lot at Orem, Utah. Shortly prior to their marriage he had hired Arta as an employee who responded to an ad for help. In 1962, they were granted a decree of divorce. The date for the decree to become final was December 28. In March, 1963, the parties filed a petition alleging reconciliation prior to the decree becoming final. On April 8, 1963, the district court entered an order setting aside the decree of divorce. The parties continued to live as husband and wife and to operate the family enterprise. Five years later, in July 1968, Arta initiated another action for divorce. In November, 1968, that action was dismissed on the ground that the order setting aside the previous divorce had been a nullity. No appeal was taken and that judgment is final.

In March of 1969 plaintiff Walter Corbet commenced this action for the termination of and accounting in the enterprise which the parties agree that they had operated as a partnership after their reconciliation. In a plenary trial consideration was given to their respective services, the property which they had accumulated jointly, and that which each had previously owned separately. The court found the disputed issues mainly in accordance with the contentions of the plaintiff. The substance of certain pertinent recitals from the memorandum decision is:

That the partnership came into being following an agreement made by the parties in March of 1963.

* * * Both parties have requested termination and dissolution * * * and found:

| | | |
|---|---|---|
| Total current assets | | $82,850.32 |
| Contributions of plaintiff | $34,128.14 | |
| Contributions of defendant | $28,902.40 | |
| Total of partners' contributions | | $63,030.54 |
| Net gain | | $19,819.28 |

The court ordered adjustment of the accounts, giving each party credit for the contribution made, and one-half of the net gain, i. e., $9,909.89.

The defendant Arta contends that in arriving at the above accounting the trial court committed error on these propositions:

A. In refusing to find that there was an agreement for her to receive $300 a month salary from the partnership which she claimed for a period of four years, totaling $14,400.

B. In finding that an account in the Manti City Bank was a partnership account and in allowing deposits made therein as contributions to the partnership.

C. In finding property known as the "Sterling Ranch" to be a partnership asset.

### The Salary Claim

■ As to A above, concerning Arta's claim for $300 per month salary for four years: It is not to be gainsaid that in order to receive such a salary from the partnership there would have had to be an express agreement to that effect.[1] Arta insists that there was such a written agreement. The only written evidence presented on that matter was an unsigned document in her handwriting containing the notes from which she says the agreement was typed by a Mr. Lund. The latter in fact testified concerning having done so and that it contained the $300 per month provision. The opposing evidence which would tend to justify the trial court's refusal to find as Arta claims, in addition to the plaintiff's denial that such agreement was entered into, is thus: A notary, a Mrs. Covington, who is supposed to have notarized the agreement, said she had verified only two documents with Mr. Corbet's signature. Two such documents were presented in evidence and neither was the agreement concerning the $300 per month wage. There is no indication that the $300 per month was ever drawn or paid.

### The Bank Account

■ Concerning the Manti City Bank account, defendant says that it was her account; that she used it for deposits and disbursements of money to her children on matters having nothing to do with the partnership; and that plaintiff Walter Corbet's name was added to the account only at his insistence and over her objection. Supporting the trial court are: the facts that it was a joint account; and that according to the evidence and the trial court's finding, plaintiff Walter had deposited the sum of $8,185.48 therein as

---

1. That generally a partner is not entitled to any remuneration for his services in the absence of an agreement by the partners to that effect, see Sec. 48-1-15(6), U.C.A.1953; and Chambers v. Simms, 13 Utah 2d 371, 374 P.2d 841 (1962).

compared to deposits of $4,001.07 by Arta during the partnership period.

*The Sterling Ranch*

■ Arta's contention is that the ranch was part of her deceased husband's estate which came to her; and that the title always thereafter remained in her and her children. To the contrary: Plaintiff says that defendant Arta had promised him, and represented to him, that the title to the ranch had been transferred to him and her jointly, and that it was not necessary to pay the children anything for any interest therein. Nonetheless, the children were actually paid $5,000 out of the joint bank account; further, that plaintiff Walter had contributed many thousands of dollars for various improvements on the ranch, including a substantial addition to the home thereon; and that it had been considered as a joint asset of the parties in the settlement agreement of their 1962 divorce.

■ The defendant has also raised the point that because of the statute of frauds any agreement by her to convey the Sterling Ranch would have had to be in writing. The effective rejoinder to this is that such a defense is not invokable to prevent the trial court in a proceeding in equity from considering the ranch and the proceeds thereof in adjusting the accounting between these parties; and this is particularly so here because the ranch had been sold before the accounting and what the court was really concerned with was the proceeds of the sale.

■ We recognize the correctness of the defendant's assertion that under Section 9 of Article VIII, Utah Constitution, this court may review the facts in equity cases. Nevertheless, it is well established that we make allowance for the advantaged position of the trial judge in close proximity to the parties and the witnesses; and we do not disturb his findings and judgment merely because we might have viewed the matter differently, but would do so only if it appeared that the evidence clearly preponderates against them, or that he has so abused his discretion, or misapplied the law, that an injustice has resulted.[2] We are not persuaded that any such circumstance exists here.

■■ One further matter requires comment. During the pendency of this appeal counsel for the defendant have lodged with this court a purported "Motion For A New Trial" together with an affidavit in support thereof purporting to set forth matters relating to newly discovered evidence. We do not and could not properly take cognizance thereof. On Appeal to this court we review the judgments and orders appealed from on the basis of the record upon which

2. See Stone v. Stone, 19 Utah 2d 378, 431 P.2d 802, and numerous cases therein cited; also Wiese v. Wiese, 24 Utah 2d 236, 469 P.2d 504 (May 8, 1970).

the trial court acted,[3] and do not permit the supplementing of our record with matters not before the trial court.[4] Further, a motion for a new trial is not properly addressed to this court but to the trial court; and it must be filed within 10 days after the judgment or order appealed from.[5]

Affirmed. Costs to plaintiff (respondent).

CALLISTER, TUCKETT, and ELLETT, JJ., concur.

HENRIOD, J., does not participate herein.

---

3. See Tucker Realty, Inc. v. Nunley, 16 Utah 2d 97, 396 P.2d 410.

4. Ibid.
5. Rules 59(b) and 6(b), U.R.C.P.