[Civ. No. 35303. Second Dist., Div. One. Dec. 3, 1970.]

GRACE A. WATT et al., Plaintiffs and Respondents, v.
FREDERICK W. KANTEL, Individually and as Executor, etc.,
Defendant and Appellant.

**COUNSEL**

Melby, Crickard & Anderson for Defendant and Appellant.

Thomas J. Jeffers, Jr., for Plaintiffs and Respondents.

**OPINION**

**GUSTAFSON, J.**—Alice A. Kantel (hereinafter the mother) died June 27, 1964, leaving a will dated April 21, 1961, as modified by a codicil executed a few days before her death. The will purports to dispose of three parcels of real property. One (a ranch) was devised to her son, defendant Frederick W. Kantel. Another (also a ranch) was devised to defendant's two sons. The third (the homeplace where the mother lived) was to be divided into two parcels, the larger of which was to go to the mother's only surviving daughter and the smaller of which was to be sold. The proceeds from the sale of the smaller parcel were to be used to discharge an existing encumbrance and the balance of the proceeds was to be divided equally among the daughter, the daughter's son and the two daughters of a deceased daughter of the testatrix.

Defendant claimed that his mother had no interest in the homeplace at her death because by deed of October 27, 1961, she conveyed the property to him. Thereupon, the daughter, her son and the two daughters of the deceased daughter brought this action to set aside the conveyance on the ground of undue influence and fraud.

On the trial of the case before the court sitting without a jury, the court granted defendant's motion for judgment, after plaintiffs rested their case in chief, pursuant to section 631.8 of the Code of Civil Procedure.[1]

---

[1]Section 631.8 of the Code of Civil Procedure provides: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the

Findings of fact, conclusions of law and a judgment were signed by the court.

Plaintiffs moved for a new trial upon three grounds and the motion was granted on the basis that each of the three grounds independently of the others furnished a basis for a new trial. Defendant appeals from that order. It follows that if we find that any one ground is sufficient, we need not examine the others. We find that the first ground (insufficiency of the evidence to justify the decision) is sufficient and we therefore do not consider the other two grounds.

Defendant correctly notes that a judgment in favor of the moving party pursuant to section 631.8 of the Code of Civil Procedure necessarily means that the trial court has weighed the evidence in reaching its conclusion. Because the trial court may not grant a motion for a new trial upon the ground of insufficiency of the evidence to justify the decision "unless after weighing the evidence the court is convinced from the entire record, including reasonable inferences therefrom, that the court . . . clearly should have reached a different . . . decision" (Code Civ. Proc., § 657), defendant argues that because the motion for a new trial was granted, the trial court "made no effort to weigh the evidence, but instead interpreted the evidence most favorably to the plaintiffs-respondents." The unstated premise of this argument is that the same judge weighing the same evidence could not reach one result one time and an opposite result another time.

The premise is incorrect. In *People* v. *One 1947 Cadillac* (1952) 109 Cal.App.2d 504 [240 P.2d 1035] the trial judge, after a complete trial, rendered judgment in favor of the defendant. Later he granted plaintiff's motion for a new trial. Defendant on appeal asserted that since the trial judge in rendering judgment made it clear that he disbelieved the witnesses for the plaintiff, "he did not have the right, upon the hearing of the motion for a new trial, to change his original conclusions. . . ." This court held: "Even if a trial judge should say, at the time of deciding a case, that he did not believe certain witnesses, he might conclude, upon reviewing all the evidence upon a motion for a new trial, aided by references to the reporter's transcript or by other means of refreshing memory, that by reason of his inadvertence or misunderstanding of testimony he had erred in judging the credibility of witnesses. Under such circumstances, the judge

---

facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make findings as provided in Sections 632 and 634 of this code, or may decline to render any judgment until the close of all the evidence. Such motion may also be made and granted as to any counterclaim or cross-complaint.

"If the motion is granted, unless the court in its order for judgment otherwise specifies, such judgment operates as an adjudication upon the merits."

is afforded an opportunity in the exercise of sound discretion to correct the error by granting a new trial. Counsel for [defendant] argues, however, to the effect that since a jury cannot change its verdict, a judge who decides the facts should not be permitted to change his unequivocally expressed decision as to the facts. It is the judge, and not the jury, who is authorized by statute to grant a new trial." Clearly, the fact that the judge grants a motion for a new trial does not imply that he has not weighed the evidence in doing so.

Moreover, defendant fails to distinguish between the role of a trial court in determining a motion for a new trial and the role of an appellate court in reviewing that determination. ■ As we recently pointed out in *Jones* v. *Evans* (1970) 4 Cal.App.3d 115 [84 Cal.Rptr. 6], decisional law has made it clear that although the trial court should grant a new trial only when the evidence is insufficient to support the decision reached by the trier of fact, when the trial court grants a new trial a reviewing court is not concerned with whether the evidence was insufficient to support the conclusion reached by the trier of fact. The order will be affirmed by an appellate court if there was any substantial evidence to support a different decision even though there was even more substantial evidence to support the decision set aside by the order granting a new trial.

■ Defendant further misconceives the decision involved when he asserts that the order for a new trial "must mean that the evidence was such that only a judgment for the plaintiffs could have been rendered on the evidence." When defendant moved for judgment pursuant to section 631.8 of the Code of Civil Procedure, the trial court did not have the choice of rendering judgment for plaintiffs or judgment for defendant. It could not have rendered judgment for plaintiffs. It had the choice of rendering judgment for defendant or denying the motion. The order granting a new trial means only that the trial court upon later reflection decided that defendant's motion under section 631.8 of the Code of Civil Procedure should have been denied.

No matter how weak plaintiffs' case may have been, the trial court was not required to grant defendant's motion. The statute clearly provides that the court "*may* render a judgment in favor of the moving party . . . or *may* decline to render any judgment until the close of all the evidence." (Italics added. Code Civ. Proc., § 631.8; *O'Mara* v. *State Bd. of Pharmacy* (1966) 246 Cal.App.2d 8 [54 Cal.Rptr. 862].) If, as we believe is the case, a trial court is never required under any conceivable set of circumstances to grant a motion under section 631.8 of the Code of Civil Procedure, it logically follows that if such a motion has been granted and later

vacated by an order granting a new trial, the order granting a new trial for insufficiency of the evidence to support the decision must invariably be upheld. This is so because the role of an appellate court is to determine whether the trial court had any basis for denying a section 631.8 motion. Since a trial court may always deny such a motion regardless of the state of the evidence, a review of the evidence is pointless. We affirm the order in this case on that basis.

■ If, however, we are wrong in the conclusion we reach in the preceding paragraph, we point out that we would affirm the order nonetheless. On the date which the deed from the mother to defendant bore, the mother was 93 years old and in extremely poor physical health. Defendant had acted as her business adviser on several occasions prior thereto. In 1960 defendant in his capacity as a real estate salesman received a commission for listing a parcel of his mother's real property for sale with a real estate broker. Defendant frequently brought various papers to his mother which she signed without reading. The mother's will provided that her household furniture and fixtures should go to her son and her daughter, but the codicil prepared by defendant immediately prior to her death provided that all of this personal property should go to defendant.

As heretofore noted, the will purportedly disposed of three parcels of real property. The two ranch properties were not owned by the mother at the time she made her will. They had previously been conveyed to defendant by deeds prepared by him. Up until the time of her death, the mother continued to live on the home property and mentioned to others that upon her death she was disposing of the ranches to her son and of the home property to her daughter. Defendant admitted that he paid no consideration for the deed to the home property and he was equivocal in his testimony as to whether or not he had prepared the deed. He drove his mother to a notary public who acknowledged her signature which was already on the deed. Defendant was named as executor of his mother's will.

The trial court in stating its reasons in the minute order granting the motion for new trial concluded that the "evidence is insufficient to justify the decision and judgment in that (1) the evidence sufficiently shows that Alice Kantel, mother of defendant Frederick W. Kantel, reposed confidence in said defendant which invested him with an advantage over her in dealing with her mother and her property. (2) This relationship was such that the evidence must be carefully scrutinized by the court as a precaution against fraud or overreaching. (3) The challenged transaction was such that the circumstantial evidence must be viewed in light of the 'general surroundings'—i.e., whether the transaction and the

results thereof were consistent and natural or were irreconcilable with such 'general surroundings'. (4) The 'general surroundings' include such factors as the mother's age and impaired health, loss of her husband, lack of harmony between her two children, their history of antagonism concerning estate plans and dispositions by their parents, the mother's dependence upon her son for advice concerning management of her estate and the procedure in disposing of assets thereof, his participation in management of his mother's real estate, his assistance to her in the handling of her deceased husband's estate; the reliance reposed in the defendant by his mother as evidenced by her lack of resort to other advisors, her designation of defendant as executor of her will and her signing of documents presented to her by him without reading them, the proximity in date of the making of the mother's will and the challenged *inter vivos* conveyance inconsistent with said will, the nature and extent of the consideration passing to the mother in the challenged transaction, and the disproportionate division of the property between the natural objects of her bounty effected by the challenged and earlier similar transactions. (5) The transaction involved a number of unusual circumstances such as secrecy, unexplained delays between the [execution] of the deed, the time of its notarization and the time of recording and the circumstances of its notarization and recording. (6) The above mentioned circumstances, viewed in the light of the relationship between Alice Kantel and her son and the opportunity intrinsic in the situation for fraud or the exercise of undue influence, established a prima facie case and the burden of proof shifted to the defendant to prove that any indications of wrongdoing were not supported in fact."

We concur in the trial court's conclusion that plaintiffs' evidence established that there was a presumption of fraud and undue influence. (*Alocco* v. *Fouche* (1961) 190 Cal.App.2d 244 [11 Cal.Rptr. 818].) Certainly we cannot say as a matter of law that had defendant rested at the conclusion of plaintiffs' case, no judgment other than for defendant would have been warranted.

The order granting a new trial is affirmed.

Wood, P. J., and Lillie, J., concurred.