**Patsie JENNINGS, Plaintiff and Appellant,**

v.

**Douglas G. STOKER, Defendant and Respondent.**

No. 17634.

Supreme Court of Utah.

July 28, 1982.

Con Kostopulos, Salt Lake City, for plaintiff and appellant.

J. Anthony Eyre of Kipp & Christian, Salt Lake City, for defendant and respondent.

CONDER, District Judge:

Plaintiff filed an action against the defendant alleging that she suffered damages by reason of the defendant's medical malpractice. The matter was tried to a jury, who found against the plaintiff. Plaintiff now appeals to this Court asking that we vacate the jury verdict and remand the case for new trial.

Plaintiff, in her complaint, alleges that she suffered pain in her feet particularly because of the misalignment of certain toes. She sought help of the defendant, who is a podiatrist. The defendant performed some surgery, but plaintiff claims that she continues to suffer pain. She then went to a second doctor who took x-rays and performed additional surgery. Although this gave her some relief, she alleges she continued to suffer because of the failure of the defendant properly to diagnose and treat her problem. The defendant denies any misdiagnosis or mistreatment, and the jury agreed with him.

Plaintiff had different counsel at the trial of this matter than the one representing her before this Court. Her present counsel argues that her trial counsel was incompetent because (1) he failed to call competent expert medical witnesses in her behalf to establish the required standard of care and (2) he permitted cross-examination of the plaintiff as to her marital history, welfare income, drug abuse, and low tolerance of pain, without objection.

■ It is noted at the outset that plaintiff never filed a motion for a new trial with the trial court within ten (10) days (or at any other time) after the judgment was entered as required by Rule 59(b), Utah Rules of Civil Procedure. This Court cannot consider a motion for a new trial since this is a matter addressed to the trial court. *Corbet v. Corbet,* 24 Utah 2d 378, 472 P.2d 430 (1970).

Plaintiff, by this appeal, is seeking a new trial claiming that the incompetence of her trial counsel prevented her from having a fair trial. Her present counsel argues that the plaintiff had contacted a doctor in Arizona who was ready to come and testify on her behalf, but for reasons unexplained in the record, this witness did not testify. Plaintiff's trial counsel, who, prior to trial had taken the deposition of the defendant, called the defendant as the first witness and cross-examined him at length. Plaintiff now assumes that if the other expert medical testimony had been used, the results might have been different.

■ The general rule is that in civil cases a new trial will not be granted based upon the incompetence or negligence of one's own trial counsel. There are cases which recognize that under exigent or exceptional circumstances which appear to have resulted in an injustice, the court may be justified in granting a new trial. *Maltby v. Cox Construction Co.,* Utah, 598 P.2d 336 (1979), see the concurring opinion by Chief Justice Crockett which is concurred in by two other justices; 58 Am.Jur.2d, *New Trial* § 160; 66 C.J.S., *New Trial* § 82b.

■ Mere differences in the theory of trial techniques are not sufficient to war-

rant the granting of a new trial. Plaintiff must demonstrate that there is a reasonable likelihood that the verdict would have been different.

■■ Absent a situation "where the propriety of the treatment received is within the common knowledge and experience of the layman," the plaintiff in a medical malpractice case must prove the standard of care by expert medical testimony. *Nixdorf v. Hicken,* Utah, 612 P.2d 348 (1980). This standard may be supplied by the testimony of the defendant himself. The use of the defendant as an adverse witness subject to cross-examination to establish part of the plaintiff's case is a trial technique which has been used and approved by many courts. *Lawless v. Calaway,* 24 Cal.2d 81, 147 P.2d 604 (1944); *Lashley v. Koerber,* 26 Cal.2d 83, 156 P.2d 441 (1945); *Vigil v. Herman,* 102 Ariz. 31, 424 P.2d 159 (1967); *Evans v. Bernhard,* 23 Ariz.App. 413, 533 P.2d 721 (1975); *Bateman v. Rosenberg,* Mo.App., 525 S.W.2d 753 (1975); *Robertson v. LaCroix,* Okl.App., 534 P.2d 17 (1975); *Ethicon, Inc. v. Parten,* Tex.Civ.App., 520 S.W.2d 527 (1975); *Gaut v. Quast,* Tex.Civ. App., 505 S.W.2d 367 (1975). Louisell and Williams, *Medical Malpractice* 1981 Ed., Vol. 3, Sec. 29.07 reads as follows: "It is a well-established rule that a plaintiff in a malpractice action is entitled to call the physician-defendant as an adverse witness, usually pursuant to the state's adverse party statute, and, as a general proposition, to question the defendant as to matters relevant to the issue in dispute." In this case, the defendant was called as a witness for the plaintiff and testified regarding the standard of care for treatment of plaintiff's condition. The record reveals extensive examination of the defendant by the plaintiff with references to his deposition taken two years prior to the time of trial. We see no error in the use of such a technique.

Plaintiff also alleges that the trial counsel was incompetent in that he failed to object to cross-examination of the plaintiff as to: (1) her prior marital history; (2) her receipt of welfare income; and (3) her drug abuse and low tolerance to pain. Present counsel cites and relies upon U.C.A., 1953, 78–24–9, which provides as follows:

A witness must answer questions legal and pertinent to the matter in issue, although his answer may establish a claim against himself; but he need not give an answer which will have a tendency to subject him to punishment for a felony; nor need he give an answer which will have a direct tendency to degrade his character, unless it is to the very fact in issue or to a fact from which the fact in issue would be presumed. But a witness must answer as to the fact of his previous conviction of felony.

This portion of our law was adopted from the California Code of Civil Procedure and has been the law of this state since 1870. This right not to testify is personal to the witness and must be exercised by the witness personally. No such privilege was claimed by the witness in this case.

■■ Distinction must be made between questions asked of a witness which may be given to meet some issue of the case other than mere credibility of the witness. If the cross-examination is material and relevant to a fact in issue raised by direct examination, the witness must answer regardless of the fact that the answer may tend to degrade his character. *Conway v. Clinton,* 1 Utah 215 (1875); *In re Sadleir,* 97 Utah 291, 85 P.2d 810 (1938); *State v. Hougensen,* 91 Utah 351, 64 P.2d 229 (1936); *In re Peterson,* 15 Utah 2d 27, 386 P.2d 726 (1963). See also, 6 Utah L.Rev. 323 (1959) and Annot., 88 A.L.R.3d 304 (1978). A witness cannot open up a relevant subject matter on direct examination and then try to shield himself from any further inquiry by claiming that the further inquiry may tend to degrade his character. See Rule 43(b), Utah Rules of Civil Procedure; *State v. Hougensen, supra.*

■ To the extent that a witness may be cross-examined on matters that affect his credibility, this Court adheres to the rule that the witness has a privilege not to answer questions that tend to disgrace or degrade him or his family. See *State v. Hougensen, supra.*

■ A careful examination of the record in this case reveals that the cross-examination was material and relevant to the facts

in issue raised on direct examination or the pleadings of the plaintiff. In her direct examination, the plaintiff testified that she stumbled over a mat while working as a waitress and, as a result of that incident, she suffered pain in her foot. This caused her to see the defendant who talked about performing surgery upon her foot. She testified that she was concerned about paying for such surgery because she was on welfare. Most of the plaintiff's testimony was about the pain she suffered from her foot and how it prevented her from pursuing her regular employment as a waitress. She further testified that by reason of the pain and her inability to work she lost $6,000 per year in income. The cross-examination revealed that the plaintiff had been in and out of hospitals repeatedly for "drug intoxication." Her trial counsel did object to the receipt of some of this evidence on the grounds of relevancy. The trial court found it to be relevant and we find no error.

Judgment affirmed. Costs to defendant.

HALL, C.J., and OAKS and HOWE, JJ., concur.

STEWART, J., concurs in the result.

DURHAM, J., does not participate herein; CONDER, District Judge, sat.