Gary D. **PILCHER**, Plaintiff and Appellant,

v.

**STATE** of Utah, **DEPARTMENT OF SOCIAL SERVICES**, Defendant and Respondent.

No. 18222.

Supreme Court of Utah.

April 26, 1983.

---

Grant M. Prisbrey, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Paul M. Tinker, Deputy Atty. Gen., Ted Cannon, County Atty., Randall L. Skeen, Salt Lake City, for defendant and respondent.

STEWART, Justice:

Plaintiff Gary D. Pilcher brought this action in district court for judicial review of an administrative proceeding conducted by the Department of Social Services. The district court affirmed an administrative judge's ruling that the Department was entitled to recover past due child support payments from plaintiff pursuant to U.C.A., 1953, § 78–45b–4. We affirm.

The plaintiff was formerly married to Donna V. Pilcher and was divorced from her in Utah in 1965. Pursuant to the divorce decree, Donna was awarded custody of their nine minor children and defendant was ordered to pay alimony and child support of $270 per month. However, plaintiff did not make all the support payments.

In 1968, while plaintiff was living in Texas, Donna sought to enforce the child support portion of the Utah divorce decree. Pursuant to the Uniform Reciprocal Enforcement of Support Act, a Texas district court ordered defendant to pay child support of $240 per month. Again plaintiff failed to make all the required support payments.

On January 3, 1978, the Department served on plaintiff a Notice of Support Debt. It notified plaintiff that Donna had received public assistance from the State of Utah for 108 months; that Donna had assigned to Social Services all her rights to support; and that pursuant to §§ 78–45b–4 and –5, the Department could assess plaintiff for the entire amount of support owed under the Utah divorce decree. In response plaintiff filed a motion to dismiss the Notice, which the Department administrative law judge granted without prejudice.

On October 20, 1978, the Department served on plaintiff a second Notice of Support Debt, which gave rise to this appeal.

Based on the Texas court order, the Notice assessed $10,320 in unpaid child support payments. Plaintiff responded by filing an answer on January 26, 1979, which requested a hearing pursuant to § 78–45b–6, and a hearing was held February 22, 1979. After the hearing the Department was allowed to amend its Notice to include the Utah divorce decree as a second basis for the assessment. In March, the administrative law judge entered judgment against plaintiff, and this appeal followed.

On appeal, plaintiff asserts five errors in the administrative proceedings below. All plaintiff's contentions are without merit.

■ His first assertion of error is that the administrative hearing was not held within 30 days of the date on his answer, as he argues is required by § 78–45b–6. Plaintiff misreads this section. It requires only that support debt hearings be held within thirty days after the request for a hearing is filed, not after it is dated.[1] Here, where the request was filed on January 26, 1979 and the hearing was held on February 22, 1979, that requirement was met, even though the request was dated November 15, 1978.

Plaintiff's second assertion of error is that the second Notice of Support Debt is barred by the "two dismissal" rule of Utah R.Civ.P. 41(a)(1), which reads in relevant part:

[N]otice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Plaintiff contends that the first dismissal occurred when he caused the first Notice of Support Debt to be dismissed, and that the second dismissal occurred when a felony nonsupport complaint was later filed against him and subsequently dismissed. Neither the felony complaint nor the order dismissing that complaint is in the record.

---

1. Section 78–45b–6 reads in relevant part:
    All hearings [regarding the notice of support debt] ... shall be ... held within thirty days after request therefor is *filed* ....

■ While the mode of procedure before administrative bodies may conform to the Utah Rules of Civil Procedure, the rules governing civil procedure in the trial courts are not necessarily applicable to administrative proceedings. *See, e.g., Silverman v. Commodity Futures Trading Commission,* 549 F.2d 28 (7th Cir.1977) (Federal Rules of Civil Procedure for discovery do not apply); *O'Mara v. California State Board of Pharmacy,* 246 Cal.App.2d 8, 54 Cal.Rptr. 862 (1966) (California Civil Procedure Rule on motion for nonsuit does not apply). Thus, administrative proceedings are not subject to the Utah Rules of Civil Procedure unless the governing statute or regulations so provide. •

■ Administrative proceedings are usually conducted with greater flexibility and informality than judicial proceedings. *See* 73 C.J.S. Public Administrative Bodies and Procedure, § 114 (1951). Rigid adherence to judicial procedures in administrative proceedings is generally inappropriate because it ignores basic differences between judicial and administrative procedures. *See* 3 K. Davis, *Administrative Law Treatise* § 14.1 at 3 (2d ed. 1980).

■ Even if we were to assume that the Utah Rules of Civil Procedure were applicable, plaintiff's reliance on Rule 41(a)(1) is misplaced. By its express terms, it applies only when the notice of dismissal is filed twice by the plaintiff in the action. *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368 (1971). Here, the first dismissal was not filed by the plaintiff in the administrative proceeding (i.e., the Department). Furthermore, plaintiff's reliance on documents not found in the record is improper. Matters not admitted in evidence before the trier of fact will not be considered here. *In re Estate of Cluff,* Utah, 587 P.2d 128 n. 1 (1978); *Corbet v. Corbet,* 24 Utah 2d 378, 381–82, 472 P.2d 430, 433 (1970).

■ Plaintiff's third assertion of error is that the amended Notice of Support Debt should not be considered because it introduces a new "cause of action." Generally, administrative pleadings are to be liberally construed and easily amended. *Donovan v. Royal Logging Co.,* 645 F.2d 822 (9th Cir. 1981); *Southern Colorado Prestress Co. v. Occupational Safety and Health Review Commission,* 586 F.2d 1342 (10th Cir.1978). In his *Administrative Law Treatise,* Professor Davis states: "Proof may depart from pleadings and pleadings may be amended to conform to proof if undue surprise is avoided." 3 K. Davis, *supra,* § 14.11 at 47.

■ The procedure for amending a Notice of Support Debt is controlled by rules promulgated pursuant to § 78–45b–3(7), which gives general authorization to the Department to adopt such rules and regulations as are necessary to carry out the provisions of Chapter 45b.[2] The regulation which applies is Department of Social Services Regulation A32–01–17:2d(2), which reads:

> At any time and upon such terms as it deems just, the administrative law judge may allow any process or proof of service thereof to be amended *unless it clearly appears that material prejudice would result* to the substantial rights of the party against whom the process is issued. (Emphasis added.)

"Process" refers to notices and motions served on defendants, which include the "Notice of Support Debt." *See* § 78–45b–4(1).

We perceive no "material prejudice" to plaintiff resulting from the amendment to the second Notice of Support Debt. Originally, the Notice apprised the plaintiff of the Department's intent to recover child support payments under the Texas court order. Plaintiff already knew that the Texas order was based on the Utah divorce

---

**2.** Section 78–45b–3(7) reads in relevant part:

The department is hereby authorized to adopt and enforce such rules and regulations as may be necessary to carry out the provisions of this act, including but not limited to rules for narrowing issues and simplifying the methods of proof at hearings, such rules and regulations shall include procedures for notice and the manner of serving the same on all orders of support debt or any hearings requested regarding contested decisions.

decree and thus could not have been unduly surprised by the addition of that decree to the Notice. Rather than adding a new "cause of action," the amendment merely amplifies the claim for the support debt originally alleged. That addition was authorized by Regulation A32–01–17:2d(2).

■ Plaintiff's fourth and fifth assertions of error relate directly to Title 78, Chapter 45b of the Utah Code, the Public Support of Children Act, the express purpose of which is to augment "common-law and statutory remedies pertaining to family desertion and nonsupport of minor dependent children." § 78–45b–1.1. The Act does this by making the Department a trustee of causes of action for support where (1) the person in whose favor the cause of action lies has received assistance from the Department, or (2) the Department has contracted to collect support. § 78–45b–3(1).[3] Furthermore, the Department has an interest in a judgment for support money to the extent of its right of subrogation. § 78–45b–3(5).[4]

The present case between plaintiff and the Department was initiated pursuant to § 78–45b–4 of the Act, which authorizes the Department to "issue a notice of a support debt accrued or accruing based upon any court order and shall include a demand for immediate payment of the support debt." Section 78–45b–5 is a related provision that authorizes a Notice of Support Debt without a court order.

Plaintiff's fourth assertion of error, which is unsupported by relevant authori-

ties, is that the Texas court order does not provide a lawful basis for a proceeding before the Department. Plaintiff argues, in effect, that § 78–45b–4 should be construed to authorize only Notices of Support Debt based on court orders from Utah.

We see no reason to so limit the scope of § 78–45b–4. The only limitations on this section are those found in §§ 78–45b–3(1) and –3(5), which .make the Department a trustee of causes of action for support, and grant it an interest in a judgment for support obligations. To the extent that these sections create a right of subrogation enforceable by § 78–45b–4, they limit the application of that section to court orders on behalf of persons who have received financial assistance from the Department, or who have contracted with the Department to collect their support payments. In the present case, Donna Pilcher and her children were receiving financial assistance from the Department at the time the proceeding below was instituted. Because the Texas court order sought to enforce the child support debt to that point in time, it was a valid basis for the Second Notice of Support Debt under § 78–45b–4.

■ Plaintiff also argues two additional points: (1) that § 78–45b–4 was enacted to comply with 42 U.S.C. § 654(9)(C) (1976) (formerly § 602(a)(22)(B)), which establishes certain minimum requirements for states receiving Aid to Families with Dependent Children (AFDC),[5] and (2) that 42 U.S.C. § 654(9)(C) limits § 78–45b–4 in such a way as to invalidate the Texas court

**3.** Section 78–45b–3(1) provides:
> In the event that assistance is furnished by the department or in instances where the department has contracted to collect support, the department shall become trustee of any cause of action of the obligee or any minor child in that obligee's custody, to recover support due to that obligee from any person and may bring and maintain the action either in its own name or in the name of the obligee.

**4.** Section 78–45b–3(5) provides:
> Any court order embodying a money judgment for support to be paid to an obligee by any person shall be deemed in favor of the department to the extent of the amount of the department's subrogation rights. This transfer of interest shall be applicable to

court orders including, but not limited to, temporary spouse support orders, family maintenance orders, or alimony orders for the benefit of a dependent child but allocated to the benefit of that child on the basis of providing necessities to the person in whose custody that dependent child resides.

**5.** 42 U.S.C. § 654(9)(C) requires states who receive grants for AFDC to establish a plan which provides that
> the State will . . . cooperate with any other State—
> (C) in securing compliance by an absent parent residing in such State . . . *with an order issued by a court of competent jurisdiction* against such parent for the support and

order as a basis for the Second Notice of Support Debt.[6] Both points of this argument are erroneous. First, § 78–45b–4 was apparently enacted to comply with 42 U.S.C. § 654(4)(B), which requires states receiving AFDC grants to collect child support payments on behalf of children who receive AFDC from the state.[7] Section 78–45b–4 was clearly not enacted to comply with ·§ 654(9)(C).[8] Second, even if point one above were otherwise, the scope of § 78–45b–4 would not be limited by 42 U.S.C. § 654(9)(C). Where a state statute is enacted to comply with the condition of a federal grant in aid, the statute may go beyond what is required by the condition of the grant. *See Concerned Parents of Stepchildren v. Mitchell,* Utah, 645 P.2d 629 (1982).

■ Finally, plaintiff contends that § 78–45b–4, which was enacted in 1975, should not be interpreted to apply retroactively to · the child support payments he owes under the 1965 Utah divorce decree and 1968 Texas court order. Plaintiff argues that retrospective operation of statutes is not favored by the courts. To be sure, this is the rule when retrospective enforcement would modify vested rights or interests. *See State v. Kelbach,* Utah, 569 P.2d 1100, 1102 (1977); 73 Am.Jur.2d *Statutes,* § 350 (1974).

■ A contrary rule applies, however, where a statute changes only procedural law by providing a different mode or form of procedure for enforcing substantive rights. Such remedial statutes are generally applied retrospectively to accrued or pending actions to further the Legislature's remedial purpose. Thus, in *State v. Higgs,* Utah, 656 P.2d 998, 1000 (1982), this Court stated:

> [P]rocedural statutes enacted subsequent to the initiation of a suit which do not enlarge, eliminate, or destroy vested or contractual rights apply not only to future actions, but also to accrued and pending actions as well.

*See also Okland Construction Co. v. Industrial Commission,* Utah, 520 P.2d 208 (1974); *Petty v. Clark,* 113 Utah 205, 192 P.2d 589 (1948); *Boucofski v. Jacobsen,* 36 Utah 165, 104 P. 117 (1909); *Bouldin v. Turek,* 125 Ariz. 77, 607 P.2d 954 (1979); *Haddenham v. State,* 87 Wash.2d 145, 550 P.2d 9 (1976). Even in states where the state constitution prohibits retroactive application of statutes, an exception is made for remedial procedural statutes. For example, in *Harrison v. Cox,* 524 S.W.2d 387 (Tex.Civ.App.1975), the court upheld retrospective application of a statute, similar to the present one, which provided a means for enforcing existing child support payments. *See also* 73 Am. Jur.2d *Statutes* § 354 (1974).

maintenance of the [absent parent's children or spouse] *with respect to whom aid is being provided under the plan of such other State* . . . .

**6.** Plaintiff argues that because in the present case Texas provided no aid to Donna Pilcher or her children, 42 U.S.C. § 654(9)(C) prohibits the Department from instituting a proceeding pursuant to § 78–45b–4 based on the Texas court order. As explained in the text below, the argument is a non sequitur.

**7.** 42 U.S.C. § 654(4)(B) reads:
A State plan for child and spousal support must (4) provide that such state will undertake (B) in the case of any child with respect to whom [an assignment under section 602(a)(26)(A) of this title] is effective, to secure support for such child from his parent (*or from any other person legally liable for such support*) . . . .

42 U.S.C. § 602(a)(26)(A), referred to above, requires that:
A State plan for aid and services to needy families with children must . . . (26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed . . . .

**8.** *See* the text of 42 U.S.C. § 654(9)(C) in note 5 *supra.* Section 654(9)(C) appears to be the impetus behind another Utah statute, the Uniform Reciprocal Enforcement of Support Act (URESA), U.C.A., 1953, § 77–31–1 et seq.

Sections 78–45b–4 and –5 are obviously remedial and procedural in nature. They serve only to facilitate recovery of existing child support debts. They create no new obligations, and destroy no vested interests. There is no basis in reason or law for not applying those sections to actions accrued or pending at the time the laws were enacted.

Affirmed. No costs.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.