[No. 45654. En Banc. March 20, 1980.]

SANDRA COULTER, *Appellant,* v. THE STATE
OF WASHINGTON, *Respondent.*

*Clinton, Fleck, Glein & Brown,* by *Lawrence B. Linville,* for appellant.

*Slade Gorton, Attorney General,* and *Mark S. Northcraft, Assistant,* for respondent.

BRACHTENBACH, J.—Plaintiff, an employee of an employer covered by workers' compensation, RCW Title 51, was injured when her hand became enmeshed in a fish slicing machine. The slicing machine had been inspected, the day before the accident, by a state safety inspector acting pursuant to RCW 49.17. Citations for violations of safety regulations, apparently including the machine in question, were issued by the inspector.

The plaintiff sued the State of Washington as a third party under the provisions of RCW 51.24.010 as it existed at the time of the accident. The State moved to dismiss plaintiff's action. The motion was granted. We affirm the dismissal.

The plaintiff–appellant defines the issues as: (1) is the State liable for failure of the safety inspector to prominently post the citation for violation of safety regulations under RCW 49.17.120 and (2) must a plaintiff file a claim, before suing the State, as required by RCW 4.92.110. In its brief the State correctly points out that there are a number of other issues raised by the broadly stated, sometimes inconsistent allegations of the plaintiff's complaint upon which the trial court was ruling. The appellant has not filed a reply brief to these additional issues so we limit our holding rather narrowly.

First, plaintiff did not file a claim with the chief fiscal officer of the executive branch as required by RCW 4.92-.110. The term "chief fiscal officer of the executive branch"

is defined in RCW 43.41.108 as Director of the Office of Program Planning and Fiscal Management. That office is now designated as the office of fiscal management. RCW 43.41.035. RCW 43.41.108 made specific reference to the filing requirement of RCW 4.92.110. Plaintiff's position for nonfiling is very plain and in error. She argues that *Hunter v. North Mason High School & School Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975) struck down all claim filing requirements. There we were concerned with a different statute, RCW 4.96.020, which required filing of a claim within 120 days from the date that the claim arose.

We start with the proposition that the abolition of sovereign immunity is a matter within the legislature's determination. *Haddenham v. State,* 87 Wn.2d 145, 149, 550 P.2d 9 (1976). This is not because the court says so, but because the constitution so states. Article 2, section 26, of our constitution provides: "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." This court must follow that mandate and uphold the filing requirement of this particular statute. *Hunter v. North Mason High School & School Dist. 403, supra,* does not violate that principle since there we found that the 120-day filing requirement violated the constitutional provision of equal protection. No such issue is present here. The plaintiff has a filing time requirement equal to the statutory limitations for bringing an action. That does not involve nor deny equal protection.

The enactment of RCW 4.92.110 is clear that it is providing "in what manner" suit shall be brought against the State. That is within the command and authority of article 2, section 26.

We note that such was the exact holding of the recent case of *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978).

Despite plaintiff's failure to file the required claim, we would still hold that she is not entitled to bring the action under the facts of this case. Plaintiff sued the State on the basis that her injury was due to the "negligence or

wrong of another not in the same employ" as allowed by the then existing RCW 51.24.010. That statute has been repealed and replaced by RCW 51.24.030.

We conclude that the legislature did not intend to include Department of Labor and Industries inspectors who are performing official functions as third persons not in the same employ. Under RCW 51.24.010, as it existed at the time of appellant's injury, the Department of Labor and Industries, to the extent of payments made under Title 51, was subrogated to the injured person's right against a third party. It had the right to prosecute such action. Any recovery to be repaid the State was to bear its proportionate share of attorneys' fees and costs in processing the claim against the third party. There was a requirement that the worker diligently prosecute the action and if after a year had not done so, the cause of action was deemed assigned to the department or self-insurer.

Thus under appellant's theory, the department would sue itself, thus becoming both plaintiff and defendant, for not performing the duties which are the responsibility of the same department under RCW 49.17. We do not believe that the legislature intended to create such an anomalous result. It would be simply contrary to the scheme of Title 51.

Our view of legislative intent is buttressed by *Loger v. Washington Timber Prods., Inc.*, 8 Wn. App. 921, 509 P.2d 1009 (1973). There the court denied recovery against the State for negligence in the performance of safety inspections. We denied review, 82 Wn.2d 1011 (1973).

We are bound by the legislative declaration that in the area of workers' compensation, the court's jurisdiction is abolished except as provided in Title 51. RCW 51.04.010. It did not create therein any cause of action consistent with plaintiff's theory. In *Loger v. Washington Timber Prods., Inc., supra,* the court recognized this principle. It said at page 928:

> The statute is plain—it states that all civil causes of actions for personal injuries are abolished except as provided in Title 51. A civil cause of action against the state

for negligence in the performance of safety inspections has not been provided in that title.

While there is a considerable variation in industrial insurance statutes throughout the country, we do note that a similar result was reached in *State Compensation Ins. Fund v. Superior Ct.*, 237 Cal. App. 2d 416, 46 Cal. Rptr. 891 (1965). There the injured person sued his employer's compensation carrier for alleged negligence in carrying out safety inspections, a duty which the insurer had contractually assumed. We need not analyze the statutory differences between our act and California's laws. The significance of the case is its holding that the court is without jurisdiction and rather that the Industrial Accident Commission had exclusive jurisdiction.

Likewise in *Modjeski v. Atwell, Vogel & Sterling, Inc.*, 309 F. Supp. 119 (D. Minn. 1969), a private compensation carrier could not be sued in connection with safety inspections as a third party. See the cases cited therein which indicate that a majority of the cases hold that a private compensation carrier has the same immunity as the employer. Certainly under our statute the State has no less immunity.

Affirmed.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., concur.

HICKS, J., concurs in the result.