[No. 8394–5–I.   Division One.   July 27, 1981.]

RONALD GATES, *Appellant,* v. ROBERT ROSEN,
ET AL, *Defendants,* THE CITY OF
SEATTLE, *Respondent.*

*Walthew, Warner, Keefe, Arron, Costello & Thompson* and *Robert M. Keefe,* for appellant.

*Douglas N. Jewett, City Attorney,* and *Philip Mortenson* and *Elizabeth Edmonds, Assistants,* for respondent.

RINGOLD, J.—Ronald Gates appeals from a summary judgment dismissing his complaint against the City of Seattle. We reverse.

Gates was injured by a fire which occurred on April 24, 1977, at the Deluxe Apartments in Seattle. Gates initially sued the owner of the apartment building. On September 27, 1978, approximately 17 months after the accident, he named the City of Seattle as a defendant, alleging that the City was negligent in its inspection and administration of certain ordinances. The City answered, and alleged as an affirmative defense that Gates had failed to file a claim for damages with the City as required by article 4, section 24 of the Seattle City Charter. On May 25, 1979, Gates filed a claim with the City.

On December 17, 1980, the City filed a motion for summary judgment contending that Gates' claim against the City should be dismissed because he failed to file a claim within the statute of limitations of 2 years provided in RCW 4.16.130. The trial judge agreed with the City and granted the motion for summary judgment.

### FILING REQUIREMENT PROVISION OF CITY CHARTER

The dispositive issue is whether the claim filing requirement found in article 4, section 24 of the charter of the City of Seattle is unconstitutional.

Article 4, section 24 of the charter of the City of Seattle provides in part:

All claims for damages against the city must be presented to the City Council and filed with the Clerk within one hundred twenty days after the time when such claim accrued. All claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury, give residence for six months last past of the claimant, contain the items of damages claimed, and be sworn to by the claimant. No action shall be maintained against the city for any claim for damages until the same has been presented to the City Council and sixty days have elapsed after such presentation.

Gates contends that this charter provision is unconstitutional in its entirety. He relies upon a series of Washington Supreme Court cases which have struck down claim filing statutes as creating an unconstitutional burden on persons with claims against the government.

In *Hunter v. North Mason High School & School Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975), a suit against the school district for personal injuries was dismissed in the trial court on the ground that a claim had not been filed within 120 days as required by RCW 4.96.020. The court in *Hunter* stated at page 813:

The effect of this and other [RCW 4.92.100 (notice of claims against the state); RCW 35.31.020 (notice of claims against charter cities); RCW 36.45.020 (notice of claims against counties)] nonclaim statutes is to deny a right of action to persons harmed by governmental misfeasance unless they provide the government with notice of their injuries within a short time after they occur.

(Footnote omitted.) In holding that these statutes are unconstitutional, the court in *Hunter* stated at page 820:

We choose to recognize the inequities in these statutes and strike them down on that account, rather than to proceed further with the long and costly process of attempting to correct them through case–by–case modification. In so doing we follow the spirit of the *Cook [v. State,* 83 Wn.2d 599, 521 P.2d 725 (1974)] majority, if

not its letter: the unjustifiable discriminations these statutes make preclude their enforcement, not just in some cases but in all.

Similarly, in *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975), the court held that RCW 36.45.030, the county claim for damages statute, was violative of equal protection. In *Haslund v. Seattle,* 86 Wn.2d 607, 623, 547 P.2d 1221 (1976), the court rejected the City's argument that the plaintiffs failed to file a claim for damages within 120 days from the date of injury as required by RCW 35.31.020, stating that:

> [W]e recently declared this and other nonclaim statutes unconstitutional as arbitrary burdens imposed on persons with claims against the government. Thus, the time at which [plaintiffs] filed their damage claim is of no consequence.

(Citation omitted.)

After these cases were decided, the legislature apparently deemed it necessary to require presenting and filing a claim with a state agency as a condition precedent to maintaining an action for tort against the State, and amended RCW 4.92.110 to provide:

> No action shall be commenced against the state for damages arising out of tortious conduct until a claim has first been presented to and filed with the director of financial management. The requirements of this section shall not affect the applicable period of limitations within which an action must be commenced, but such period shall begin and shall continue to run as if no claim were required.

This statute was upheld in *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977), because it only requires the filing of a claim against the State sometime before the running of the statute of limitations. *Accord, Coulter v. State,* 93 Wn.2d 205, 608 P.2d 261 (1980).

The City contends that we should read article 4, section 24 of the charter as deleting the 120-day requirement and construe it to require a claim to be filed within the applicable statute of limitations, as the *Peterick* court construed

RCW 4.92.110. This rationale was accepted by the trial court.

The City seeks to avoid the unconstitutional effect of the charter provision by judicial construction. A similar argument appears to have been rejected in *Hunter,* where the court held the entire claim filing statute, identical to the city charter provision in question, unenforceable. The court stated that it would not attempt to correct the statute and others through case–by–case modification. In *Haslund v. Seattle, supra,* the court reiterated that the particular nonclaim statute and "other nonclaim statutes" were unconstitutional as arbitrary burdens imposed on persons with claims against the government and, therefore, the time in which the claim was filed was of no consequence. In considering these cases, we hold that article 4, section 24 of the city charter is unconstitutional in its entirety.

We recognize that in appropriate cases the courts can apply the doctrine of severability and uphold parts of a statute or ordinance. We consider the holdings in *Hunter* and *Haslund* as rejecting this approach. In our view the difficulty and the "uncertainty in the law if the court were to undertake to decide, case by case, what applications of the statute would be permissible and what ones would not" warrants a conclusion that forecloses a severability rationale. 2 C. Sands, *Statutory Construction* § 44.04, at 342 (4th ed. 1973). We recognize that in *Peterick* the court sustained a statutory claim–filing requirement. We express no opinion as to the constitutionality of a city ordinance or charter provision similar to RCW 4.92.110.

## STATUTE OF LIMITATIONS

Because of our determination that article 4, section 24 of the charter is invalid, we need not decide whether the 2– or 3–year statute of limitations applies. The issue, however, was fully briefed and argued and a complete understanding of this case merits the following discussion.

RCW 4.16.130 provides that, "An action for relief not hereinbefore provided for, shall be commenced within two

years after the cause of action shall have accrued." RCW 4.16.080(2) provides that, "An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other *injury to the person* or rights of another not hereinafter enumerated . . ." shall be commenced within 3 years. (Italics ours.) Previous cases have held that the 2–year statute of limitations provided in RCW 4.16.130 applies to actions against public officials for damages resulting from their failure to perform their official duties. *Constable v. Duke,* 144 Wash. 263, 257 P. 637 (1927); *Northern Grain & Warehouse Co. v. Holst,* 95 Wash. 312, 163 P. 775 (1917); *Peterick v. State, supra.*

■ In *Peterick* the plaintiffs based their claim on the failure of state officials to perform their official duty. The court held that the 2–year statute of limitations provided in RCW 4.16.130 was applicable because "[i]t was the explosion, however it was caused, that was the direct cause of the plaintiffs' injury, *not* negligence on the part of state officials." *Peterick, at* 169. In applying the *Peterick* analysis, it is likewise clear that Gates is suing the City of Seattle for its failure to perform its official duties. The direct cause of Gates' injury was the fire. Though the negligence of the officials may have been a proximate cause of the plaintiff's injury, when considering the statute of limitations in *Constable, Northern Grain,* and *Peterick,* the court has focused on the direct cause of the plaintiff's injury as the triggering event. Accordingly, under the analysis of the foregoing cases, the 2–year statute of limitations applies.

The judgment of dismissal is reversed and the cause remanded.

JAMES, C.J., and CALLOW, J., concur.

Reconsideration denied September 15, 1981.

Review granted by Supreme Court November 20, 1981.