[No. 4221-9-III. Division Three. October 27, 1981.]

Dorton C. Campbell, et al, *Appellants,* v.
Thunderbird Trucking and Construction,
Inc., *Defendant,* Yakima County,
*Respondent.*

*David K. Crossland* and *Elofson, Vincent, Hurst & Crossland,* for appellants.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Rick Hoffman, Deputy,* for respondent.

MUNSON, J.—We hold that (1) before an action may be commenced against a county based on tortious conduct, a claim must be filed, pursuant to RCW 36.45; and (2) RCW 4.16.170 does not extend the time for filing the claim beyond the normal period of the statute of limitation.

Mrs. Campbell was injured in an automobile accident on a Yakima County road on February 20, 1977. Exactly 3 years later, at 4:26 p.m. on February 20, 1980, the Campbells filed a complaint in the Superior Court naming as defendants Thunderbird Trucking and Construction, Inc., and Yakima County. On May 8, 1980, the Campbells served a claim upon the Yakima County Board of Commissioners and served them with a copy of the summons and complaint. The County moved to dismiss on the basis that the action was neither timely nor properly commenced. The court granted the dismissal; the Campbells appeal.[1]

I
VALIDITY OF NONCLAIM STATUTES

The legislature has waived sovereign immunity of the State and its political subdivisions for tortious conduct,

---

[1]The action was dismissed against Thunderbird Trucking and Construction, Inc., on July 17, 1981, by summary judgment, in part when the plaintiffs' counsel was unable to obtain affidavits from his clients, who had moved to Mississippi and failed to respond to his correspondence. No appeal has been taken from that order of dismissal.

RCW 4.92.090; 4.96.010,[2] but has required that a claim be filed as a condition precedent to maintaining any action. RCW 4.92.110;[3] 4.96.010. RCW 36.45 controls filing claims against counties and sets time periods within which claims must be presented and actions may be commenced.[4]

In *Hunter v. North Mason High School*, 12 Wn. App. 304, 529 P.2d 898 (1974), *aff'd sub nom. Hunter v. North Mason High School & School Dist. 403*, 85 Wn.2d 810, 539 P.2d 845 (1975), the Court of Appeals held that a minor's failure to file a claim within 120 days from the date the cause of action arose, pursuant to a nonclaim statute, was excused by reason of his minority. He filed the claim some 11 months after the accident. The Supreme Court in *Hunter v. North Mason High School & School Dist. 403*, supra at 812–13, acknowledged the validity of that position but declined to adopt it, holding:

> We feel, however, that rather than attempting to avoid the constitutional problems inherent in this type of stat-

---

[2]RCW 4.92.090:

"The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation."

RCW 4.96.010:

"All political subdivisions, municipal corporations, and quasi municipal corporations of the state, whether acting in a governmental or proprietary capacity, shall be liable for damages arising out of their tortious conduct, or the tortious conduct of their officers, agents or employees to the same extent as if they were a private person or corporation: *Provided,* That the filing within the time allowed by law of any claim required shall be a condition precedent to the maintaining of any action. The laws specifying the content for such claims shall be liberally construed so that substantial compliance therewith will be deemed satisfactory."

[3]RCW 4.92.110:

"No action shall be commenced against the state for damages arising out of tortious conduct until a claim has first been presented to and filed with the director of financial management. The requirements of this section shall not affect the applicable period of limitations within which an action must be commenced, but such period shall begin and shall continue to run as if no claim were required."

[4]In *El Coba Co. Dormitories, Inc. v. Franklin County PUD*, 82 Wn.2d 858, 514 P.2d 524 (1973), the court held that a claim need not be filed for breach of contract in an action against a public utility district.

ute by continuing to fashion judicial exceptions to their plain language, we should face the constitutional issue directly and acknowledge their infirmity.

That court also stated at page 811: "that 'nonclaim' statutes unjustifiably discriminate against persons with claims against the government and its subdivisions in violation of the equal protection clause of the Fourteenth Amendment." Including in its analysis RCW 4.96.020 and 36.45.020, the Supreme Court used broad language suggesting that both the time limits and the nonclaim statutes themselves were violative of the Fourteenth Amendment. *Jenkins v. State,* 85 Wn.2d 883, 891, 540 P.2d 1363 (1975), without citing *Hunter,* receded from broad interpretation, holding:

> RCW 36.45.030 unconstitutional as violative of Const. art. 1, § 12 and U.S. Const. amend. 14 *insofar as it purports to impose a different time limitation* on the commencement of tort actions against counties than is imposed on the commencement of tort actions against other governmental entities in the state.

(Footnote omitted. Italics ours.) In *Haslund v. Seattle,* 86 Wn.2d 607, 623, 547 P.2d 1221 (1976), the court held RCW 35.31.020 (regarding the filing of claims against the city) was:

> unconstitutional as arbitrary burdens imposed on persons with claims against the government. *Hunter v. North Mason High School & School Dist. 403,* 85 Wn.2d 810, 813, n.2, 819–20, 539 P.2d 845 (1975). Thus, the *time* at which respondents filed their damage claim is of no consequence.

(Italics ours.)

In *Haddenham v. State,* 87 Wn.2d 145, 149, 550 P.2d 9 (1976), the court held that the sovereign, through its legislature, may waive its sovereign immunity and "may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it", citing *Beers v. Arkansas,* 61 U.S. (20 How.) 527, 529, 15 L. Ed. 991 (1895). In *Peterick v. State,* 22 Wn. App. 163, 178, 589 P.2d 250

(1977), the Court of Appeals, Division One, held that *Jenkins v. State, supra,* implicitly recognized the constitutionality of RCW 4.92.110, which required nothing more than the filing of a claim "sometime before the running of the statute of limitations." This matter was set to rest in *Coulter v. State,* 93 Wn.2d 205, 207, 608 P.2d 261 (1980), when the court stated:

> Plaintiff's position for nonfiling is very plain and in error. She argues that *Hunter v. North Mason High School & School Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975) struck down all claim filing requirements. There we were concerned with a different statute, RCW 4.96.020, which required filing of a claim within 120 days from the date that the claim arose.
>
> We start with the proposition that the abolition of sovereign immunity is a matter within the legislature's determination. *Haddenham v. State,* 87 Wn.2d 145, 149, 550 P.2d 9 (1976). This is not because the court says so, but because the constitution so states. Article 2, section 26, of our constitution provides: "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." This court must follow that mandate and uphold the filing requirement of this particular statute. *Hunter v. North Mason High School & School Dist. 403, supra, does not violate that principle since there we found that the 120-day filing requirement violated the constitutional provision of equal protection.* No such issue is present here. The plaintiff has a filing time requirement equal to the statutory limitations for bringing an action. That does not involve nor deny equal protection.
>
> The enactment of RCW 4.92.110 is clear that it is providing "in what manner" suit shall be brought against the State. That is within the command and authority of article 2, section 26.
>
> We note that such was the exact holding of the recent case of *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978).

(Italics ours.)

 Here, pursuant to RCW 4.96.020, RCW 36.45.010 requires a claim to be filed. RCW 36.45.030 states: "No action shall be maintained on any claim for damages until

it has been presented to the board of county commissioners . . ." Under *Coulter,* we hold that the claim must be filed within the period of the appropriate statute of limitation.

In *Gates v. Rosen,* 29 Wn. App. 936, 631 P.2d 993 (1981), Division One struck down as unconstitutional a section of the Seattle City Charter which is comparable to RCW 36.45.030. There, at page 940, the court held that the City, by acknowledging the time period may not apply, but arguing the filing requirement should be retained, was seeking to avoid "the unconstitutional effect of the charter provision by judicial construction." The court disagreed considering the language of *Hunter v. North Mason High School & School Dist. 403, supra,* and *Haslund v. Seattle, supra.* We respectfully disagree with our colleagues; we believe *Gates* went too far under the present interpretation of *Hunter* when it struck down both the time periods and the requirement of filing a claim.

## II
### Tolling of Claims Requirement

The Campbells contend that filing the complaint on the last day the statute of limitation had to run brought into operation RCW 4.16.170, which states in part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.

No claim was filed here prior to commencing the action. The Campbells argue they may attach onto the appropriate statute of limitation the 90–day period allowed by RCW 4.16.170, within which to file a claim, because that would be "within the time allowed by law" as that phrase appears in RCW 4.96.010. We disagree. Under RCW 4.16.170, a lawsuit may be initiated during the statute of limitation period, either by filing a lawsuit or serving a summons and

complaint. Under RCW 4.16.170, if either of these is done, that party has 90 days to file or serve, whichever was not first accomplished, and the second act will relate back to the time of the first. So if a suit is filed the last day of the limitation period, the plaintiff has 90 days thereafter to serve the summons and complaint. *Hansen v. Watson,* 16 Wn. App. 891, 559 P.2d 1375 (1977).

■ RCW 36.45.030 requires as a condition precedent to maintaining an action against a county that a claim be presented. Thus, until the claim has been presented, filing a complaint or serving a county defendant cannot effectively commence a lawsuit. Since the completion of commencement merely relates back to the beginning of tentative commencement, we hold that any conditions precedent to maintaining a suit must be satisfied before the original statute of limitation expires. The 90–day period of RCW 4.16.170 relates only to completion of tentative commencement; the Campbells cannot avail themselves of that period in which to file a necessary claim.

The Campbells further argue that pursuant to *Young v. Seattle,* 30 Wn.2d 357, 191 P.2d 273, 3 A.L.R.2d 704 (1948), they are entitled to toll the operation of the statute of limitation during certain time periods including the time for filing a claim, the additional period during which the board may consider the claim, and the period after that consideration during which the claimant must commence an action. We hold *Young v. Seattle, supra,* is not applicable. As noted above, those time periods have been struck down by the Supreme Court.

Judgment affirmed.

McINTURFF, C.J., and ROE, J., concur.

Reconsideration denied November 10, 1981.

Review granted by Supreme Court January 8, 1982.