CHINLE DISTRICT COURT

November 25, 1981

No. CH-CV-28-81

OPINION AND ORDER

ROSE KEITH, Plaintiff, v.

VONAL ALLRED, Defendant.

Honorable Homer Bluehouse, Judge presiding.

This case comes before the court on the questions of the jurisdiction of this court and the plaintiff's right to claim a trial by jury.

At the outset the counsel for the parties are to be commended for their excellent briefs outlining the issues and law applicable in this case. Care on the part of counsel to carefully outline their cases citing applicable law makes things much easier for the court and the parties.

The factual background of this case is simple: It is alleged that in the early morning hours of August 7, 1979 the defendant or someone under his orders pushed the plaintiff's car off the defendant's property and put a substance in the gas which caused permanent damage to the carburator and engine.

Based on those facts the plaintiff has filed her complaint and has claimed a trial by jury.

There are two things which complicate what would otherwise appear to be a simple and straightforward case: 1) The defendant says this case is a "miscellaneous case" for the purpose of 7 N.T.C. Sec. 253 where no jury trial can be had, and 2) the defendant is an Anglo and says he cannot be sued in this court.

The plaintiff's right to a jury trial is easily resolved. This is an action which has a long history of being one in tort, for which a jury trial is clearly available. The plaintiff characterizes it as an action for "trespass to chattel," which it clearly is and can easily be found as a tort action going back into early English law. More simply put, the action is one for intentional injury to personal property and is clearly a "civil" action under 7 N.T.C. Sec. 651. A "miscellaneous" action under 7 N.T.C. Sec. 253 is only one founded upon a particular enactment of the Tribal Council which may offer a special remedy. Therefore the plaintiff is entitled to a jury trial.

The question of jurisdiction over the defendant because of the fact he is Anglo is a much more troublesome one. We could choose to resolve the matter based upon earlier precedent prior to the jurisdictional resolution discussed below. For the purposes of the ruling this court makes today we assume that all the well-pleaded facts in the complaint are true. It appears that Mr. Allred operates a business at the Low Mountain Trading Post (perhaps as the trader?) and he resides there. The plaintiff parked his car on the defendant's property with

the permission of the defendant's wife, and allegedly the defendant took it upon himself to remove the car and put it out of action. Again assuming all these things to be true for the purpose of this ruling, we have a person doing business within the Navajo Nation, residing within the Navajo Nation and causing injury within the Navajo Nation, contrary to its laws. Assuming these things, we could rule that the court already has jurisdiction because of conduct of the defendant which contrary to Navajo law. See Peterson v. Ford Motor Credit Company, 2 Nav.R. 36 at 39 (Crownpoint District, 1979). While the court could justifiably rule on the basis of this case and cases of the Court of Appeals, it is better to confront the applicability of Resolution CF-19-80 to resolve the matter.

CF-19-80 provides, in pertinent part:

> "The civil jurisdiction of the Navajo Nation is hereby amended to include civil actions in which the defendant is a resident of Navajo Indian Country, or has caused an action to occur in Navajo Indian Country."

The problem with the applicability of this resolution lies in the fact it was passed on February 13, 1980, the conduct alleged in the complaint occurred on August 7, 1979, and this case was filed on February 11, 1981. The plaintiff contends the resolution is retroactive in effect while the defendant says it is only prospective in effect. Retroactivity versus prospectivity is a central question in the interpretation of statutes, and this one in particular.

A good statement of the rule of statutory construction in this case is that contained in Johnston v. Beneficial Management Corp. of Amer., 538 P.2d 510 (Wash. 1975):

> "A statute ordinarily operates prospectively unless it is remedial in nature or the legislature indicates that it is to operate retrospectively. A statute is remedial and has a retroactive application when it relates to practice, procedure or remedies and does not affect a substantive or vested right."
> Id. at p. 514.

Normally it is presumed that statutes are to only operate prospectively unless a contrary intent appears in them, but that presumption is reversed in favor of retroactivity where the statute is remedial and its remedial purpose would be furthered by retroactive application. Haddenham v. State, 550 P.2d 9, 12 (Wash. 1976).

First of all, is this a "remedial" statute? It is so because 1) it does relate to remedies and 2) the preamble of the statute indicates that "it is appropriate" that persons residing or doing business on within Navajo Indian Country "be called upon to account for their activities and the effect thereof in the Courts of the Navajo Nation." Therefore we can conclude that the remedial purpose is clear and that purpose stated in the preamble would indeed be furthered by retroactive application.

There is also the question of the time at which a statute such as

this one comes into play. There is no doubt that a cause of action arose in favor of the plaintiff on August 7, 1979, but there arguably was no remedy for her in this court as of that date. She could have filed her action in the Arizona state courts at that time, and after February 13, 1980 she could file in this court. Perhaps the question is not so much one of retroactivity -vs- prospectiveness as one of whether she has a remedy at the time she filed her action. There is no question she did.

The defendant has no basic right which is affected, at least no substantive or vested right as stated in the law. There is no substantive right under Federal law not to be sued in tribal court, at least not after the clear pronouncement of the U.S. Supreme Court in Montana v. United States, 450 U.S. 544. (1981). The defendant can point to no vested right which would injured by this court accepting jurisdiction, and indeed he can point to no right which would adversely be affected by having to appear and defend before this court. Therefore this court clearly has jurisdiction over this matter.

Based upon the foregoing discussion of the law applicable to these questions, it is hereby

ORDERED that the defendant's motion to dismiss should be and is hereby DENIED.

NOTE: This decision was specifically approved by the Court of Appeals in Deal v. Blatchford, 3 Navajo R. 159 (1982).