330

Tillman G. FARR, Jr., Plaintiff–
Appellant,

v.

Howard ANDERSON, CUS; et
al., Defendants–Appellees.

No. 01–35193.

D.C. No. CV–96–00861–MJP.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002 *.

Decided June 17, 2002.

Before O'SCANNLAIN, BERZON, and
RAWLINSON, Circuit Judges.

MEMORANDUM **

Tillman G. Farr, a Washington state
prisoner, appeals pro se the district court's
summary judgment in his civil rights ac-
tion. We have jurisdiction pursuant to 28
U.S.C. § 1291. We review summary judg-
ment de novo, *Hamilton v. Endell,* 981
F.2d 1062, 1065 (9th Cir.1992), and we
affirm.

Defendants Anderson and Brock were
entitled to qualified immunity on the delib-
erate indifference to medical need claim
because the evidence did not set forth a
constitutional violation. *See Saucier v.
Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150
L.Ed.2d 272 (2001). With respect to the
deliberate indifference claim against de-

fendant Palmer, Farr's allegation of injury
on November 17, 1995 did not create a
genuine issue of material fact sufficient to
overcome defendants' medical evidence
showing that his wound healed normally
without any indication of trauma. *See
Hamilton,* 981 F.2d at 1066.

Because Washington had an adequate
post-deprivation remedy for loss of proper-
ty, *see* Wash. Rev.Code §§ 4.92.100,
4.92.110; *Coulter v. State,* 93 Wash.2d 205,
608 P.2d 261, 263 (1980) (en banc), the
district court properly determined that
Farr's due process claims did not rise to
the level of a constitutional violation. *See
Parratt v. Taylor,* 451 U.S. 527, 543, 101
S.Ct. 1908, 68 L.Ed.2d 420 (1981), *over-
ruled on other grounds, Daniels v.
Williams,* 474 U.S. 327, 330–31, 106 S.Ct.
662, 88 L.Ed.2d 662 (1986); *Hudson v.
Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194,
82 L.Ed.2d 393 (1984).

We reject Farr's contention that, on re-
mand from this court, the district court
was bound by the September 16, 1997
report and recommendation issued by the
magistrate judge prior to the first appeal.
That report and recommendation does not
constitute the law of the case because the
district court never adopted it. *Cf. United
States v. Alexander,* 106 F.3d 874, 876 (9th
Cir.1997) (stating law of the case doctrine
applies only to issues already decided by
the same or a higher court). Therefore,
the district court properly reconsidered
summary judgment on remand.

AFFIRMED.

* The panel unanimously finds this case suitable
for decision without oral argument and de-
nies Farr's request for oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.