[Nos. 47251-3, 48181-4, 48279-9.   En Banc.   July 1, 1982.]

SHAWN HALL, ET AL, *Petitioners*, v. PHILIP
NIEMER, ET AL, *Defendants*, WHATCOM
COUNTY, *Respondent*.

RONALD GATES, *Respondent*, v. ROBERT ROSEN,
ET AL, *Defendants*, THE CITY OF
SEATTLE, *Petitioner*.

DORTON C. CAMPBELL, ET AL, *Petitioners*, v.
THUNDERBIRD TRUCKING AND CONSTRUCTION,
INC., *Defendant*, YAKIMA COUNTY,
*Respondent*.

*William Johnston,* for petitioners Hall.

*Douglas N. Jewett, City Attorney,* and *Philip Mortenson, Assistant,* for petitioner City of Seattle.

*Elofson, Vincent, Hurst, Crossland & Menke,* by *David K. Crossland,* for petitioners Campbell.

*David S. McEachran, Prosecuting Attorney, Gene Moses, Deputy,* and *John C. Belcher, Special Deputy,* for respondent Whatcom County.

*Robert M. Keefe* (of *Walthew, Warner, Keefe, Arron,*

*Costello & Thompson*), for respondent Gates.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Rick Hoffman, Deputy,* for respondent Yakima County.

UTTER, J.—These three consolidated cases present the same issue: the severability of valid from invalid sections of tort claim filing requirements in laws relating to various political subdivisions of the State. Hall and Campbell involve the tort claim filing provisions of RCW 36.45 and Gates involves the tort claim filing provisions of Seattle City Charter article 4, section 24 (based on RCW 35.31).[1] We hold the valid aspects of these laws are inseparable from the sections we have already held unconstitutional. For this reason, we need not reach the secondary issues raised by the various litigants.

## FACTS

<u>Hall</u>: On January 11, 1977, a car driven by Philip Niemer crossed the center line and collided head on with a car driven by petitioner Jo Anne Hall and in which petitioner Shawn Hall (11 years old) was a passenger. It had snowed

---

[1]The relevant provisions of these laws are:

"All claims for damages against any county must be presented before the board of county commissioners and filed with the clerk thereof within one hundred and twenty days from the date that the damage occurred or the injury was sustained." RCW 36.45.010.

"No action shall be maintained on any claim for damages until it has been presented to the board of county commissioners and sixty days have elapsed after such presentation, but such action must be commenced within three months after the sixty days have elapsed or within three months after the board has given the claimant notice by registered mail of disallowance in whole or in part of the claim for damages, whichever is longer." RCW 36.45.030.

"All claims for damages against the city must be presented to the City Council and filed with the Clerk within one hundred twenty days after the time when such claim accrued. All claims for damages must accurately locate and describe the defect that caused the injury, accurately describe the injury, give residence for six months last past of the claimant, contain the items of damages claimed, and be sworn to by the claimant. No action shall be maintained against the city for any claim for damages until the same has been presented to the City Council and sixty days have elapsed after such presentation." Charter of the City of Seattle, art. 4, § 24.

the previous day, and there was ice on the road. As a result of the accident, Jo Anne lost the sight in her right eye and suffered serious facial injuries. Shawn suffered a broken cheekbone.

On April 13, 1977, Jo Anne and Shawn (by Jo Anne as guardian ad litem) brought suit against Niemer, who is not a party to this appeal. They joined respondent Whatcom County as a defendant, alleging that the accident was caused in part by improper road design and poor maintenance. They filed no claim with the County. The County answered the complaint, denying the basic allegations, pleading contributory negligence, and cross–claiming for indemnity from Niemer. The Halls and Whatcom County engaged in discovery into April of 1978. Thereafter nothing happened until June 9, 1980, when the Clerk of the Superior Court moved to dismiss for want of prosecution. The Halls responded by noting the case for trial.

Whatcom County then moved for the first time for summary judgment based on the Halls' failure to file a claim with the County as required by RCW 36.45.030. The court granted the summary judgment motion and dismissed the complaint as against Whatcom County "without prejudice".

The Halls sought discretionary review in this court. The parties agreed that even though the dismissal was "without prejudice", a new action would be barred by the statute of limitations.[2] The Commissioner therefore ruled that the Superior Court order was appealable as a matter of right.

Gates: On April 24, 1977, respondent Ronald Gates suffered severe burns in a fire in the DeLuxe Apartments in Seattle. A fire department investigation determined that the fire was caused by faulty wiring and that the sprinkler and fire alarm systems had failed to operate. The owners of the apartment building had previously been cited by the City of Seattle for not having a sprinkler and alarm system but had not corrected the problem.

---

[2]This only applies to Jo Anne's claims. Since Shawn is a minor, the statute is tolled as to him. RCW 4.16.190.

Gates filed suit against Robert Rosen, Jack Davis, and Johan and Virginia DeLeeuw, the owners of the building, who are not parties to this appeal. On September 26, 1978, Gates amended his complaint to add petitioner City of Seattle as a defendant, charging negligent failure to enforce building ordinances. The City filed an answer on October 6, denying the essential allegations of the complaint and asserting as an affirmative defense Gates' failure to comply with the City's claim filing requirements. Seattle City Charter, art. 4, § 24. Gates finally filed a claim with the City on May 18, 1979, after the statute of limitations on his claim had run.

The trial court granted the City summary judgment dismissing the complaint on January 23, 1980. It found that under CR 54(b) there was no just reason for delay in entry of final judgment. The Court of Appeals reversed, holding that Seattle City Charter, article 4, section 24 is unconstitutional in its entirety. *Gates v. Rosen,* 29 Wn. App. 936, 631 P.2d 993 (1981). We granted the City of Seattle's petition for review.

Campbell: On February 20, 1977, Evelyn Campbell was involved in an automobile accident on Cottonwood Canyon Road, 8 miles west of Yakima. On February 20, 1980, Evelyn and her husband, Dorton Campbell, filed suit against respondent Yakima County and against Thunderbird Trucking and Construction, Inc. Thunderbird constructed the road but is not a party to this appeal. The complaint alleged negligent design and construction of the road. The Campbells filed a claim for damages on May 8, 1980, with the County and thereafter served a summons in this action.

Summary judgment in favor of the County was granted by the court on the ground that the claim was not timely filed since the statute of limitations for bringing a tort action had already run. The Court of Appeals upheld the trial court, *Campbell v. Thunderbird Trucking & Constr., Inc.,* 30 Wn. App. 496, 636 P.2d 494 (1981), and motion for reconsideration was denied on November 10, 1981. We

granted the Campbells' petition for review in consolidation with Hall and Gates.

## CONSTITUTIONALITY

In *Hunter v. North Mason High Sch. & Sch. Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975), we held unconstitutional RCW 4.96.020's requirement that formal notice of a claim for damages must be given to a school district within 120 days of the injury. Hunter failed to give the district notice of the tort claim within the 120–day period pursuant to RCW 4.96.020. *Hunter,* at 812. Hunter did file a claim 11 months after the injury and before commencing his suit. *Hunter v. North Mason High Sch.,* 12 Wn. App. 304, 305, 529 P.2d 898 (1974), *aff'd, Hunter v. North Mason High Sch. & Sch. Dist. 403, supra.* We held the 120–day provision of that statute, as well as identical provisions in former RCW 4.92.100, RCW 35.31.020 and 36.45.010, violated constitutional requirements of equal protection. In our broad holding we found unconstitutional the differential treatment accorded governmental and nongovernmental entities and tort victims of those entities.

> The statutes thus create two classes of tort–feasors, governmental and nongovernmental, and grant the one a procedural advantage not available to the other. Concomitantly they produce two classes of tort victims and place a substantial burden on the right to bring an action of one of them.

*Hunter,* at 813. The *Hunter* opinion suggested the entire notice of claim statutes and not simply their time limits were unconstitutional. The question was left unresolved, however.

In *Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975), we held violative of equal protection a provision of RCW 36.45.030 requiring a claimant to bring suit within 3 months after filing of a claim and the lapse of a 60–day waiting period. *Jenkins'* equal protection analysis was less broad than that in *Hunter.* The 3–month time limit in RCW 36.45.030 was found unconstitutional because it was not supported by any reasonable justification and provided

differential treatment for certain governmental entities and their tort victims vis–a–vis other governmental entities and their tort victims.

> Once sovereign immunity has been waived, even partially, any legislative classifications made with reference thereto will be constitutional only if they conform to the equal protection guarantees of the state and federal constitutions.
>
> . . . [W]e hold RCW 36.45.030 unconstitutional as violative of Const. art. 1, § 12 and U.S. Const. amend. 14 insofar as it purports to impose a different time limitation on the commencement of tort actions against counties than is imposed on the commencement of tort actions against other governmental entities in the state.

85 Wn.2d at 890–91.

Finally, in *Coulter v. State,* 93 Wn.2d 205, 608 P.2d 261 (1980), we upheld RCW 4.92.110's requirement of filing a claim with the State as a condition precedent to bringing suit. *Hunter* was distinguished by pointing out that RCW 4.92.110 did not have the 120–day filing requirement struck down in *Hunter.* There we stated:

> The plaintiff has a filing time requirement equal to the statutory limitations for bringing an action. That does not involve nor deny equal protection.

*Coulter,* at 207. *See also Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977), *review denied,* 90 Wn.2d 1024 (1978).

*Coulter* nevertheless signalled a retreat from the broad equal protection framework of *Hunter.* While we implicitly agreed with *Hunter*'s disapproval of different statutes of limitations for governmental as opposed to nongovernmental torts, we abandoned in *Coulter* the governmental/nongovernmental framework of comparison for all purposes. The statute in *Coulter,* by requiring a claim filing condition precedent, placed the State in a "procedural advantage" over nongovernmental entities since tort victims need not fulfill such a condition precedent in bringing suit against nongovernmental entities. Nonetheless, we found such a condition precedent constitutional.

The significance of the *Coulter* decision is that we found RCW 4.92.110's minor procedural burden on tort victims of the State insubstantial and justified even though such a burden does not exist in the nongovernmental context. The tort claimant need only file a claim prior to bringing suit within the time period of the relevant statute of limitations. The claim filing condition precedent serves the reasonable purpose of fostering negotiation and settlement without substantially burdening tort claimants.

While the purpose of the claim filing conditions precedent is equally rational in governmental and nongovernmental contexts, the differentiation between governmental and nongovernmental entities may be justified by the provisions of article 2, section 26 of the Washington State Constitution, which state: "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." Since the Legislature is given such constitutional authorization, it may provide notice of claim statutes for governmental entities and not for nongovernmental entities. The constitutional authorization justifies pursuing a legitimate purpose in the one context and not the other. *See Haddenham v. State,* 87 Wn.2d 145, 149, 550 P.2d 9 (1976). *But cf.* Comment, *Notice of Claim Requirements: Judicial and Constitutional Limitations,* 14 Wake Forest L. Rev. 215, 228–30 (1978) (arguing such burdens do not pass the rational relationship test).

■ Read consistently, *Hunter, Jenkins,* and *Coulter* stand for the proposition that reasonable procedural burdens may be placed on governmental tort victims as long as such burdens are not substantial and do not constitute a real impediment to relief for governmental tort victims. However, since the Legislature has made the State and its subdivisions liable in tort "to the same extent as if it [they] were a private person or corporation", RCW 4.92.090, 4.96-.010, we will strike down procedural burdens that substantially undermine the possibility of obtaining tort relief. The substantial burden of an abbreviated statute of limitations in *Hunter* and *Jenkins* was struck down, while the minor

burden in *Coulter* was sustained.

The claim filing condition precedent contained in the laws before us passes constitutional muster.[3] Such a condition precedent places an insubstantial burden on governmental tort claimants and is reasonably related to fostering negotiation and settlement.

SEVERABILITY

While we held a claim filing condition precedent constitutional in *Coulter,* we did not face the question of severability since RCW 4.92.110 did not contain any unconstitutional provisions. The laws before us do contain such infirmities.

Article 4, section 24 of the Seattle City Charter contains a 120–day provision identical to the one found unconstitutional in *Hunter.* RCW 36.45 also contains such a requirement (RCW 36.45.010) as well as the 3–month provision found unconstitutional in *Jenkins.* We conclude the valid condition precedent within these laws is not severable from their unconstitutional counterparts.

This court has stated the test for severability as whether the constitutional and unconstitutional provisions are so connected . . . that it could not be believed that the legislature would have passed one without the other; or where the part eliminated is so intimately connected with the balance of the act as to make it useless to accomplish the purposes of the legislature.

*State ex rel. King Cy. v. State Tax Comm'n,* 174 Wash. 336, 339–40, 24 P.2d 1094 (1933). *See Boeing Co. v. State,* 74 Wn.2d 82, 442 P.2d 970 (1968).

It seems clear that since the Legislature passed RCW 4.92.110, the Legislature would have passed a claim filing

---

[3]The claim filing condition precedent of the statutes would seem to pass muster under the *Jenkins* equal protection analysis also. By virtue of RCW 4.92.110 (claims against the State) and RCW 4.96.010 (claims against the State's political subdivisions) claims must be filed as a condition precedent to "maintaining" or "commencing" a suit against all the State's governmental entities. (RCW 35.31-.020 by itself does not contain such a requirement, but a condition precedent is imposed by virtue of RCW 4.96.010's application to RCW 35.31.020.)

condition precedent without the unconstitutional provisions. Nevertheless, we feel the unconstitutional provisions are so "intimately connected" with the condition precedent requirement that they are not capable of meaningful severation.

The 120–day limit struck down in *Hunter* served the purpose of (1) providing quick notice of claims, (2) facilitating budget planning, (3) ensuring immediate identification of hazards needing correction, and (4) fostering negotiation and settlement. All these purposes, except the last, are undermined by the invalidity of the 120–day statute of limitations. Negotiation and settlement continue to be served by requiring a claim to be filed and 60 days to pass before maintaining a suit against a political subdivision. The early notice provisions struck down in *Hunter,* while perhaps not the "sole inducement" for passing the act, undoubtedly encompassed its primary purpose. *See In re Hendrickson,* 12 Wn.2d 600, 123 P.2d 322 (1942). *See also Coe v. Gerstein,* 376 F. Supp. 695 (S.D. Fla. 1973); *Norton v. Weinberger,* 364 F. Supp. 1117 (D. Md. 1973).

The governmental subdivisions before us claim they do not enforce the 120–day limitation, but that does not eliminate the injurious effect such a statutory provision might have on claimants (particularly pro se claimants). A pro se claimant might well forfeit an opportunity to fulfill the claim filing condition precedent if he or she is under the impression the 120–day limit has continuing force of law. As such, the independent purpose of negotiation and settlement might be undermined by the continuing existence in these laws of the unconstitutional 120–day statute of limitations. Where provisions "are so plainly mutual that the unconstitutionality of one should be held to defeat the other also", the provisions of a statute are not severable. *Commissioner v. Wilson,* 76 F.2d 766, 769 (5th Cir. 1935). Such a "mutual" relationship exists here. The continuing existence of the 120–day statute of limitations in these laws threatens to prevent effectuation of the remaining valid portion of the law.

The severability clause in RCW 36.45, RCW 36.98.030, Laws of 1967, ch. 164, § 18, while an aid, is "not an inexorable command". *Dorchy v. Kansas,* 264 U.S. 286, 290, 68 L. Ed. 686, 44 S. Ct. 323 (1924). The factors we have articulated above indicate the provisions are not capable of severance. *Haslund v. Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976). The laws in their entirety may not stand.

Our holding makes it unnecessary to reach the secondary claims of Hall and Campbell. We affirm the Court of Appeals in *Gates v. Rosen, supra;* we reverse the Court of Appeals in *Campbell v. Thunderbird Trucking & Constr., Inc., supra;* and we reverse the trial court in Hall v. Niemer. All the tort claimants to this action may litigate their tort claims.[4]

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

---

[4]In striking down these laws, we do not foreclose enactment of claim filing condition precedent requirements such as RCW 4.92.110. Furthermore, the 60-day buffer period between filing a claim and suit is reasonably related to achieving negotiation and settlement. As long as such a provision does not shorten the statute of limitations for bringing such suits, they would be valid under the principles espoused in *Coulter v. State,* 93 Wn.2d 205, 608 P.2d 261 (1980). Such enactments would be valid and enforceable, and we do not wish to indicate the Legislature is foreclosed from such an option.