105 P.3d 33 (2004)
Richard FRIA, Appellant,
v.
WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES, Respondent.
No. 53653-2-I.
Court of Appeals of Washington, Division 1.
December 13, 2004.
Publication Ordered January 24, 2005.
*34 Jerald D. Pearson, The Pearson Law Firm, Snoqualmie, WA, for Appellant.
William J. Blitz, Office of the Attorney General, Olympia, WA, for Respondent.
BECKER, J.
Richard Fria received worker's compensation for an injury, and he received additional funds as the result of a successful third party tort claim arising from the same injury. The Department of Labor and Industries asserts a right, in the event that Fria ever reopens his claim, to offset any payment of worker's compensation against his third party recovery. We reject Fria's contention that the statutory offset provision violates constitutional protections. The trial court's order dismissing his claim on summary judgment is affirmed.
The facts are undisputed. Fria injured himself on November 7, 1995 when, while working, he slipped and fell outside of a Banana Republic store. Fria applied for and received workers compensation. He also filed a third party lawsuit against Banana Republic, and in June 2000 informed the Department that he had recovered $37,000 in settlement. Upon being informed of the settlement, the Department closed the claim and issued a final order. The final order showed the Department's calculation of the statutory distribution of the settlement funds, and required Fria to reimburse the Department in the amount of $3,209.77 for worker compensation payments Fria had received. The order stated an "excess" amount that Fria would have to pay before the Department would make further payments should Fria's claim be reopened in the future:
IT IS FURTHER ORDERED no benefits or compensation will be paid to or on behalf of the claimant until such time the excess recovery totaling $6,279.14 has been expended by the claimant for costs incurred as a result of the condition(s) covered under this claim.[[1]]
Fria appealed the Department's final order. He challenged the constitutionality of RCW 51.24.060(1)(e), under which the Department made the determination of the excess recovery. The Board of Industrial Insurance Appeals affirmed the order on the basis it did not have the authority to declare a statute unconstitutional. See Bare v. Gorton, 84 Wash.2d 380, 526 P.2d 379 (1974).
Fria took an appeal to the superior court and challenged the constitutionality of the excess recovery statute in a motion for summary judgment. At oral argument, the court asked Fria whether there was an existing or known future worker's compensation claim for relief based on his injury. Fria acknowledged that there was not, but stated that his constitutional challenge was in the context of declaratory relief. On its own motion, the trial court decided there was no justiciable controversy without an actual claim of injury, and dismissed Fria's case. He appeals.
The Department now concedes that the trial court erred when it decided that the claim was not justiciable. Res judicata precludes *35 review of Labor and Industries orders once they have become final and are not appealed within the statutorily allotted timeframe. Marley v. Dep't of Labor and Indus., 125 Wash.2d 533, 886 P.2d 189 (1994).
The Department does not concede that there is any constitutional defect in the challenged statute, RCW 51.24.060(1)(e), which mandates an offset for any future payments. That question was not addressed by the superior court. But because the issue can easily be resolved as a matter of law, for the sake of judicial economy we will reach the merits rather than remanding the issue to the superior court.
Washington's Industrial Insurance Act is the result of the "great compromise" that allows government to restrict an employee's rights to tort recovery for injuries sustained while in the scope of employment in exchange for a system that guarantees compensation for work place injuries regardless of fault. Birklid v. Boeing Co., 127 Wash.2d 853, 859, 904 P.2d 278 (1995).
The act withdraws all cases involving industrial injuries from private controversy and from the jurisdiction of the courts, except as otherwise provided in RCW Title 51:
The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end, all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.
RCW 51.04.010, in part.
One statutory exception arises when a third party, not in the worker's same employ, caused the injury. RCW 51.24.030. But this third party recovery is subject to the Department's right to reimbursement for payments the Department has already made on the worker's behalf. RCW 51.24.060.
The statute mandates the method of calculating the distribution of the third party tort recovery. First, attorney fees and costs are deducted from the gross recovery; next, the claimant receives 25 percent of the balance; then, the Department and the self-insured employer are reimbursed to the extent of the benefits paid to the claimant. The remaining balance is disbursed to the claimant. RCW 51.24.060(1)(a)-(d). This remaining balance is subject to future offset of payments by the Department, should the worker seek to reopen the claim. RCW 51.24.060(1)(e).
Fria seeks to invalidate the portion of the statute that requires this offset. He contends that the Department should not be permitted to reimburse itself from any funds recovered in the tort action for noneconomic injuries such as pain and suffering for which industrial insurance does not compensate. Fria contends that the statutory reimbursement mechanism infringes upon what he claims is a fundamental right to seek a tort recovery, and violates the constitutional principles of equal protection and due process, as well as the privileges and immunities clause.
Fria bases much of his challenge on language found in Flanigan v. Dep't of Labor & Indus., 123 Wash.2d 418, 869 P.2d 14 (1994). But Flanigan was a statutory construction case. The appellant made no constitutional challenges to the statutory recovery scheme. The Court interpreted the language of the statute and concluded that the statutory language did not include the Department's right to reimbursement from loss of consortium damages. Flanigan, 123 Wash.2d at 426, 869 P.2d 14.
The constitutionality of the act, generally speaking, has been upheld since its inception. Mountain Timber Co. v. Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685 (1917); Stertz v. Industrial Insurance Commission, 91 Wash. 588, 158 P. 256 (1916); and State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 P. 1101 (1911). Fria has not shown how the constitutional principles he asserts relate to the workers' compensation statute. He has provided no authority to support his claim of a fundamental right to a tort remedy, *36 he does not adequately rebut the Department's authority to the contrary, and he provides only a theoretical discussion of each constitutional protection he argues the statute violates, without tethering his theory to case law or the facts of his case. His arguments are inconclusive and unsupported by authority. Such "`naked castings into the constitutional sea'" do not command judicial consideration and discussion. In re Rosier, 105 Wash.2d 606, 616, 717 P.2d 1353 (1986)(quoting United States v. Phillips, 433 F.2d 1364, 1366 (8th Cir.1970)).
Having concluded that Fria's claim is justiciable but that it is lacking in merit, we affirm the judgment of dismissal.
WE CONCUR: SCHINDLER and APPELWICK, JJ.
NOTES
[1] Administrative Record at 35.