[No. 23959-4-III. Division Three. December 6, 2005.]

JULIE GARIBAY, *Individually, as Guardian, and as Personal Representative*, ET AL., *Appellants*, v. THE STATE OF WASHINGTON, *Respondent*.

---

*Jerald D. Pearson*, for appellants.

*Robert M. McKenna*, *Attorney General*, and *Michael E. Tardif*, *Assistant*, for respondent.

¶1 KATO, C.J. — Julie Garibay sued the State of Washington, Department of Labor and Industries (Department), for wrongful death. She claimed the Department had negligently enforced safety regulations resulting in her husband's death. The court granted summary judgment dismissal because the Department was not a third party against whom such an action could be brought. We affirm.

¶2 Advanced Silicon Materials (ASM) operated a chemical production plant in Moses Lake, Washington. In 1996, there was a breakdown at the plant causing a shutdown. The Department conducted a safety audit and recommended that ASM take multiple corrective steps to improve the safety of its operation.

¶3 Demetrio Garibay worked for ASM. On October 8, 1998, a pipe burst and released chemical vapors that killed Mr. Garibay.

¶4 The Department conducted an accident investigation and concluded the pipe burst because it was worn. ASM had failed to comply with the chemical safety rules requiring a piping wall thickness inspection program. The Department issued a citation with substantial penalties.

¶5 Ms. Garibay sued the State for damages. The Department filed a motion for summary judgment, claiming that when injury or death arises from an industrial injury setting, it is immune from liability under the Industrial Insurance Act, Title 51 RCW. The court granted the motion. Ms. Garibay sought review directly from the Supreme Court, but it transferred the case here.

¶6 We review an order of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party. *Dickgieser v. State*, 153 Wn.2d 530, 535, 105 P.3d 26 (2005). "Summary judgment is proper [when] no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law." *Id.* (citing CR 56(c)).

■ ¶7 The Industrial Insurance Act (Act) is based upon a compromise between workers and employers. *Meyer v. Burger King Corp.*, 144 Wn.2d 160, 164, 26 P.3d 925 (2001). This compromise abolishes most civil actions arising from on-the-job injuries and replaces them with the exclusive remedy of industrial insurance benefits. *Id.* The exclusivity provision of the Act is broad and encompassing. *Id.* RCW 51.04.010 states:

> The common law system governing the remedy of workers against employers for injuries received in employment is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the worker and that little only at large expense to the public. The remedy of the worker has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage worker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation,

except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.

The Act thus abolishes all common law claims for relief that might arise due to an injury to an employee while acting in the scope of his employment unless a statute specifically bestows such a right. *Loger v. Wash. Timber Prods., Inc.*, 8 Wn. App. 921, 927, 509 P.2d 1009, *review denied*, 82 Wn.2d 1011 (1973).

¶8 Ms. Garibay is entitled to benefits under Title 51 RCW. But she is not seeking those benefits. She is instead seeking damages for a tort. The Act does permit a common law action if the worker's injury is due to the negligence of a third party. RCW 51.24.030. In this situation, the worker, or beneficiary, may elect to sue that third party for damages. *Id.* By so electing, the beneficiary is not precluded from receiving benefits. RCW 51.24.040. The Department, however, is entitled to reimbursement of any benefits paid if the recovery from the third party exceeds benefits paid. RCW 51.24.060. *See Clark v. Pacificorp*, 118 Wn.2d 167, 175, 822 P.2d 162 (1991).

■ ■ ¶9 Ms. Garibay asserts the State and its safety inspectors are third parties against whom she can bring a claim. But case law is contrary. *See Coulter v. State*, 93 Wn.2d 205, 608 P.2d 261 (1980); *Nielson v. Wolfkill Corp.*, 47 Wn. App. 352, 734 P.2d 961, *review denied*, 109 Wn.2d 1008 (1987); *Loger*, 8 Wn. App. at 927.

¶10 In *Loger*, the worker was injured at a sawmill. He claimed the saw was unreasonably dangerous and violated safety standards. 8 Wn. App. at 922. Claiming the Department was negligent because it failed to inspect the sawmill as required by statute and thus failed to discover the dangerous equipment, he sued the State. *Id.* at 923.[1]

---

[1] Previously, this court had rejected the trial court's holding the State liable for the alleged negligence of its safety inspectors. *Nerbun v. State*, 8 Wn. App. 370, 506 P.2d 873, *review denied*, 82 Wn.2d 1005 (1973). The court held that the duty to inspect worksites imposed in former chapter 49.17 RCW (1973) was not an absolute

Division One of this court upheld the dismissal of the worker's complaint. The court held the statute was clear in that all civil actions for personal injuries were abolished except as set forth in Title 51 RCW. A claim for relief against the State for its negligence in the performance of safety inspections had not been provided for in Title 51 RCW. *Id.* at 928.

¶11 The Supreme Court agreed in *Coulter*, where the worker was injured on the job when her hand became enmeshed in a fish slicing machine. *Coulter*, 93 Wn.2d at 206. The machine had been inspected the day before by a state safety inspector, who issued citations for the violation of safety regulations. *Id.* The court upheld the dismissal of the complaint against the State, finding that Department safety inspectors performing official functions were not included as third persons who could be sued under Title 51 RCW. *Id.* at 208. In Title 51 RCW, the Department was entitled to reimbursement for any recovery the injured worker could obtain from a third party. Thus, if the Department could be sued for the actions of its inspectors, it could in effect sue itself. The court concluded this was not the result the legislature intended. *Id.*

¶12 Division One followed this rule in *Nielson*. The worker was injured when unloading chemicals from a railroad car when he slipped and fell on an auger that was not protected by a cover. *Nielson*, 47 Wn. App. at 354. Prior to the accident, state safety inspectors had toured the plant and concluded the employer had violated safety regulations by operating the auger without a cover. *Id.* On a claim the State had failed to adequately inspect the site, the court held the State was not a third person that could be sued under Title 51 RCW.

¶13 Ms. Garibay is not entitled to sue the State as a third party under RCW 51.24.030. *Coulter*, 93 Wn.2d at 208; *Nielson*, 47 Wn. App. at 358-59; *Loger*, 8 Wn. App. at

duty guaranteeing a safe workplace. *Id.* at 375-76. Rather, the legislature intended for the Department to prescribe safety standards and secure some reasonable compliance through spot check inspections. *Id.*

927-28. The reason for rejecting this type of claim is based on the unintended result that would follow if allowed: the Department suing itself and prosecuting an action as both plaintiff under RCW 51.24.060 and defendant pursuant to RCW 51.24.030. *See Coulter*, 93 Wn.2d at 208. Ms. Garibay argues this court should distinguish these cases or overrule them. But they are not only squarely on point, we cannot overrule *Coulter*, a Supreme Court case, in any event. *See Nielson*, 47 Wn. App. at 358. The trial court properly dismissed Ms. Garibay's suit.

██ ¶14 Ms. Garibay next asserts the dismissal of her action under Title 51 RCW violates the Washington Constitution. She briefly discusses the constitutional protections claimed to have been violated but cites no authority to support her argument. Such " 'naked castings into the constitutional sea' " do not warrant consideration. *Fria v. Dep't of Labor & Indus.*, 125 Wn. App. 531, 535, 105 P.3d 33 (2004) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986)), *review denied*, 154 Wn.2d 1018 (2005).

 ¶15 Ms. Garibay further contends that even if the court properly dismissed her negligence claim, it erred by dismissing her loss of consortium claim. She relies on *Flanigan v. Department of Labor & Industries*, 123 Wn.2d 418, 869 P.2d 14 (1994). But the issue there was whether the Department had a right to reimbursement for the damages recovered from the tortfeasors for the loss of consortium claim pursuant to RCW 51.24.060. The case does not stand for the proposition that she can sue the Department as a third party tortfeasor. The reasons against suing the Department noted in *Loger, Coulter,* and *Nielson* still apply. For any tort, Ms. Garibay cannot sue the State or the Department as a third party under Title 51 RCW. The court properly dismissed her consortium claim.

¶16 Ms. Garibay also claims the court erred by dismissing her complaint because there is no sovereign immunity in Washington and she is entitled to sue the State in tort unless an exception applies. And one does.

██ ██ ¶17 The legislature abolished the doctrine of sovereign immunity in Washington. *Chambers-Castanes v. King County*, 100 Wn.2d 275, 281, 669 P.2d 451 (1983). But some exceptions shield the State from liability. One exception is the public duty doctrine.

> The "public duty doctrine" has modified the traditional concept of sovereign immunity. Municipalities are no longer protected by the shield of sovereign immunity. "The threshold determination in a negligence action is whether a duty of care is owed by the defendant to the plaintiff. Whether the defendant is a governmental entity or a private person, to be actionable, the duty must be one owed to the injured plaintiff, and not one owed to the public in general. This basic principle of negligence law is expressed in the 'public duty doctrine'."

*Babcock v. Mason County Fire Dist. No. 6*, 144 Wn.2d 774, 784-85, 30 P.3d 1261 (2001) (citation omitted) (quoting *Taylor v. Stevens County*, 111 Wn.2d 159, 163, 759 P.2d 447 (1988)). Under this doctrine, there is no liability for a public official's negligence unless it is shown that the duty breached was owed to the individual rather than the public in general. *Id.* at 785.

¶18 There are four exceptions to the public duty doctrine that impose liability on a governmental agency. *Id.* at 785-86. They are (1) legislative intent, (2) failure to enforce, (3) the rescue doctrine, and (4) a special relationship. *Id.* Ms. Garibay asserts the State owed her husband a duty under the first two exceptions.

██ ██ ¶19 The legislative intent exception applies when the regulation establishing a duty purposely identifies and protects a particular and defined class of persons. *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 930, 969 P.2d 75 (1998). This intent must be clearly expressed; it will not be implied. *Id.* The purpose of the Industrial Insurance Act is to protect the public at large, not a defined class of persons. RCW 49.17.010. The exception does not apply here and liability cannot be imposed.

██ ¶20 The failure to enforce exception applies when the governmental agents responsible for enforcing the

statutory requirements have actual knowledge of a violation and fail to take corrective measures, despite an obligation to do so, and the plaintiff is within the class of people the statute is intended to protect. *Honcoop v. State*, 111 Wn.2d 182, 190, 759 P.2d 1188 (1988) (citing *Bailey v. Forks*, 108 Wn.2d 262, 268, 737 P.2d 1257 (1987)). There is no evidence that safety inspectors had actual knowledge of the facts constituting the dangerous violation leading to the accident. This exception also does not apply.

¶21 Finally, Ms. Garibay argues that because the harm to her husband was foreseeable, the Department violated its duty to her. But this argument ignores that the State and the Department are immune from any tort action under chapter 51.24 RCW. Moreover, foreseeability limits the scope of a duty. It does not independently create a duty. *Halleran v. Nu W., Inc.*, 123 Wn. App. 701, 717, 98 P.3d 52 (2004). Although the harm to her husband may have been foreseeable, no duty existed. The foreseeability of his death, however tragic, does not create a duty.

¶22 Ms. Garibay's claims against the Department are barred under Title 51 RCW. The court did not err by dismissing her complaint.

¶23 Affirmed.

SWEENEY and BROWN, JJ., concur.

Review denied at 158 Wn.2d 1017 (2006).